An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HARLAN LEE, AN INDIVIDUAL; LAWRENCE H. LEE, AN INDIVIDUAL; AND DEBRA LEE, AN INDIVIDUAL, Appellants,
vs.
SAVALLI ESTATES HOMEOWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION, Respondent.

No. 60892

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

HARLAN LEE; AN INDIVIDUAL; LAWRENCE H. LEE, AN INDIVIDUAL; AND DEBRA LEE, AN INDIVIDUAL, Appellants,
vs.
SAVALLI ESTATES HOMEOWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION, Respondent.

No. 61613

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment in a real property action and from post-judgment orders awarding attorney fees. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellants owned three units, units B, C, and D, in the common-interest community overseen by respondent Savalli Estates Homeowners Association (HOA). In units C and D, hot water pipes froze and burst, causing water to flood the units. In unit B, the kitchen-feeder line became clogged, ultimately causing a flood in the unit. All three units were unoccupied at the time of the flooding, and the issues were not

discovered until a neighbor notified the HOA. The HOA entered the units, stopped the leaks, and notified appellants of the problems.

Appellants later filed suit against the HOA alleging that the pipes were part of the common areas that the HOA was responsible for. The HOA countersued for the cost of the repairs and for breach of the community's Covenants, Codes, and Restrictions (CC&Rs). After a bench trial, the district court found against appellants on their claims and in favor of the HOA on its counterclaims. The district court subsequently awarded attorney fees to the HOA. These appeals followed.

Beginning with the appeal from the district court judgment in the real property action, appellants argue that the district court erred in determining that the pipes at issue were not the HOA's responsibility under the CC&Rs. Appellants' further contend that they had no duty to notify the HOA because they were not occupying the unit at the time of the flooding.[1]

"The rules of construction governing the interpretation of contracts apply to the interpretation of [CC&Rs] for real property." *Diaz v. Ferne*, 120 Nev. 70, 73, 84 P.3d 664, 665-66 (2004). Thus, this court reviews the district court's legal determinations de novo, but will not overturn its factual findings unless they are clearly erroneous and are not

---

[1]Appellants' additional argument that the orders were internally inconsistent because it found alternative grounds to support its determinations regarding who had the responsibility to repair the units lacks merit. *See Newport Beach Country Club, Inc. v. Founding Members of Newport Beach Country Club*, 45 Cal Rptr. 3d 207, 215 (Ct. App. 2006) (recognizing that a trial court may make alternative grounds for its decision and that it would be a waste of judicial resources for the appellate court to address every alternative when an affirmance on one ground would resolve the dispute).

based on substantial evidence, which has been defined as evidence that a reasonable mind might accept as adequate to support a conclusion. *See Lorenz v. Beltio, Ltd.*, 114 Nev. 795, 803, 963 P.2d 488, 494 (1998). Here, the CC&R's provide that owners are responsible for maintaining and repairing plumbing that exclusively serves individual units. The district court found that the burst pipes in units C and D served those units individually and substantial evidence supports that determination. Therefore, the district court did not err in concluding that appellants, and not the HOA, were responsible for these pipes. *Id.* at 803, 963 P.2d at 494. As to unit B, while the district court made no finding as to whether appellants or the HOA were responsible for the kitchen-feeder line, it correctly determined that the CC&Rs required appellants to inform the HOA of any needed repairs to the common areas. The record shows that the feeder line was only accessible from inside the unit, and thus, only appellants would know when it needed maintenance or repair. Therefore, even if the line was a common area for which the HOA was responsible, that responsibility was not triggered until the HOA was notified of the problem. Under these circumstances, we conclude that appellants' arguments on this point are without merit, and the district court did not err in concluding that the HOA satisfied its duties under the CC&Rs when it cleared the clog shortly after being notified of the problem. *Id.* Accordingly, we affirm the district court's judgment as to these issues.

Appellants further argue that the district court improperly struck one of their expert witnesses. But because this expert stated that his opinion regarding the burst pipes was not based on scientific evidence, testing, or particularized facts, the district court concluded his testimony would not be the "product of reliable methodology" and would not assist

the trier of fact. *See Hallmark v. Eldridge*, 124 Nev. 492, 498-502, 189 P.3d 646, 650-52 (2008) (discussing the requirements for the admission of expert testimony). We agree, and we conclude that the district court did not abuse its discretion in striking this expert. *Id.* at 498, 189 P.3d at 650.

As for the appeal from the post-judgment orders awarding attorney fees, appellants challenge the district court's award of the full amount of attorney fees to the HOA's counterclaim counsel, arguing that some of their work was duplicative of that performed by its separate defense counsel, and the award of fees to defense counsel, which appellants assert was not supported by NRS 18.010(2)(b), the sole basis cited for that award. This court reviews an attorney fees award for an abuse of discretion. *See Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005). As to the counterclaim fees award, appellants failed to specify what billing entries were duplicative in opposing the fees request, and we will not address arguments raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Thus, we affirm this award of attorney fees. *Id.*

Turning to the award of attorney fees to defense counsel, the district court's order cited only NRS 18.010(2)(b) (providing for an award of fees when a claim is "brought or maintained without reasonable ground or to harass") as the basis for this award. Although we agree with appellants that their claims were not so groundless and unsupported by credible evidence to support a fees award under this statute, *see Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998), we nonetheless affirm this award. Despite the limited basis for this award cited in the district court order, the minutes from the hearing that yielded that order awarded fees on all grounds relied on by the HOA, which

included not only NRS 18.010(2)(b), but also the CC&Rs and NRS 116.4117(6). Under these circumstances and having considered the parties arguments, we agree with the HOA that the record supports awarding these fees to the HOA pursuant to both the CC&R's and NRS 116.4117(6). And were we to reverse this award and remand this issue to the district court, it would undoubtedly re-award these fees to the HOA on one or both of these bases. *See Wyeth v. Rowatt*, 126 Nev. ___, ___, 244 P.3d 765, 778 (2010) (providing that no error occurs if it is unlikely that a different result would have been reached and that this court reviews such alleged errors "in light of the entire record"). Thus, while we acknowledge that a district court's written order generally controls over a prior oral ruling, *see Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987) (noting that the district court is free to reconsider an oral ruling prior to the entry of a written order), we conclude that the seemingly inadvertent omission of these alternative grounds for awarding attorney fees to the HOA from the order awarding attorney fees was, at most, harmless error, and we therefore affirm the district court's decision. *See Wyeth*, 126 Nev. at ___, 244 P.3d at 778.

Accordingly, we affirm both the district court's judgment in the HOA's favor and the separate post-judgment awards of attorney fees.

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

cc: Hon. Timothy C. Williams, District Judge
Persi J. Mishel, Settlement Judge
Wright Law Group
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Gibbs Giden Locher Turner Senet & Wittbrodt LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A