**James N. LEWIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Theodore SIMMS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 15300, 15301.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 23, 1959.

Decided April 14, 1960.

Mr. Alfred V. J. Prather, Washington, D. C. (appointed by this court), for appellants.

Mr. Fred McIntyre, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellants, Lewis and Simms, were indicated with three other men on the charge of rape. Four defendants, including appellants herein, were convicted of the crime of assault with intent to commit rape. The fifth defendant was not brought to trial because it was determined that he was mentally incompetent. After the verdict of the jury, finding appellants guilty, and on December 20, 1957, they were sentenced.

Nearly a year later, on December 3, 1958, appellants filed motion to vacate sentence pursuant to 28 U.S.C. § 2255 and to discharge them from custody. This motion was denied by the trial judge on December 17, 1958.

Thereafter, and on December 31, 1958, appellants made application for leave to appeal from the judgment of conviction in forma pauperis, which was denied by the District Court on January 7, 1959. Thereafter they applied to this court for leave to appeal in forma pauperis and on June 23, 1959, this court remanded the case to the District Court with directions to reconsider appellants' motion to vacate sentence "in the light of papers filed in this case * * * and to determine in a hearing whether petitioners' failure to file a timely notice of appeal was the result of excusable neglect." The action of this court was taken prior to the decision of the Supreme Court in United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, which held that an appeal from a judgment of conviction must be filed within the time fixed by the Federal Rules of Criminal Procedure.

On June 30, 1959, the District Court granted appellants the right to appeal from the judgment of conviction as the result of excusable neglect but denied

their motion to vacate sentence.[1]  In view of the decision of the Supreme Court in Robinson, supra, the appeals from the judgments of conviction, having been filed nearly a year after right of appeal accrued, must be dismissed.

Appeals dismissed.

1. The formal order denying the motion to vacate sentence was entered March 2, 1960, and an appeal therefrom is now pending.