JAMES DONALD SCHERER, APPELLANT, *v*. THE
STATE OF NEVADA, RESPONDENT.

No. 7020

September 10, 1973          513 P.2d 1232

[Rehearing denied October 23, 1973]

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, State of Nevada; and *Roy A. Woofter,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On February 1, 1963, the appellant was found guilty, by a jury, of second degree murder, and on February 15, 1963, he was sentenced to 10 years to life in prison. At that time no appeal was taken from the conviction. On June 8, 1972, the appellant in pro per filed his notice of appeal. On the strength of a written stipulation entered into on June 14, 1972, between a deputy public defender of Clark County, Nevada, who had been appointed to represent the appellant, and a deputy from the Clark County District Attorney's office, an attempt has been made to provide jurisdiction for this appeal.

At the time of his conviction, the appellant was allowed, by

statute, three months to perfect his appeal. NRS 177.100 (repealed, 1967 Stats. of Nev. Vol. II, p. 1472).[1] Since 1967 the time to perfect an appeal from a conviction in district court has been limited to 30 days. NRS 177.066.[2] Notice of appeal was filed in this case more than nine (9) years after the judgment of conviction was entered.

The timely filing of a notice of appeal is jurisdictional and is an essential prerequisite to the perfection of an appeal. O'Neal v. United States, 264 F.2d 809 (1959); Lewis v. U.S., 278 F.2d 33 (D.C.Cir. 1960); State v. Janiec, 80 A.2d 94 (N.J. 1951). See also Nelson v. Smith, 42 Nev. 302, 176 P. 261 (1918); Pacific Live Stock Co. v. Ellison Ranching Co., 52 Nev. 279, 286 P.120 (1930).

In United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed. 259 (1959), the High Court held that an appeal from a judgment of conviction must be filed within the time fixed by the Federal Rules of Criminal Procedure and said: "Every other decision to which we have been cited, and that we have found, holds that the filing of a notice of appeal within the 10-day period presented by Rule 37(a)(2) is mandatory and jurisdictional.

Furthermore, jurisdiction cannot be conferred upon an appellate court by the consent or stipulation of the parties or their counsel. Jasper v. Jewles, 50 Nev. 153, 254 P. 698 (1927); In Re Hanley's Estate, 142 P.2d 423 (Cal. 1943).

This appeal is dismissed without prejudice to any relief that might be available to the appellant under NRS 177.315 et seq.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.

[1]NRS 177.100: "An appeal to the supreme court from a judgment or order must be taken within 3 months after its rendition. An appeal to a district court from a final judgment of a justice's court must be taken within the time specified in NRS 189.010."

[2]NRS 177.066: "In other cases, an appeal to the supreme court from a judgment or order must be taken within 30 days after its rendition. An appeal to a district court from a final judgment of a justice's court must be taken within the time specified in NRS 189.010."