THE CITY OF LAS VEGAS, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE JEFFREY SOBEL, District Judge, Respondent, and REGINALD SLAUGHTER, Real Party in Interest.

No. 22546

THE CITY OF LAS VEGAS, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE JEFFREY SOBEL, District Judge, Respondent, and DENNIS BARTHOLOW, Real Party in Interest.

No. 22547

December 12, 1991 822 P.2d 115

*Roy A. Woofter,* City Attorney and Bruce W. Nelson, Deputy City Attorney, Las Vegas, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondent.

*Thomas F. Pitaro,* Las Vegas, for Real Parties in Interest.

# OPINION

*Per Curiam:*

These petitions for writs of prohibition challenge the jurisdiction of the district court to entertain allegedly untimely appeals from judgments of conviction entered in the Las Vegas Municipal Court.

Real parties in interest Reginald Slaughter and Dennis Bartholow (hereinafter "defendants") were each convicted in the Las Vegas Municipal Court of several misdemeanor offenses, and fines were imposed. Defendants were given the option of performing community service in lieu of the fines and did not appeal to the district court from their judgments of conviction. Defendants did not pay their fines, nor did they perform community service as required. Consequently, many months after the judgments of conviction were entered, the municipal court converted defendants' unpaid fines into jail time.[1] *See* NRS 176.075.

Following the conversion of their fines into jail terms, defendants filed in the district court notices of appeal from their underlying judgments of conviction. The matters were consolidated in the district court. The state moved to dismiss the appeals on the sole ground that the notices of appeal were not timely filed. The district court denied the state's motion, specifically finding that defendants' time for filing timely notices of appeal "commences from the time that the municipal court converted their fines into jail time as the conversion of fines into jail time was a substantial modification or amendment of the original sentence." These petitions followed.

The state argues that the municipal court did not sentence defendants anew, nor did it alter their original sentences when it imposed default imprisonment as a method of "collecting" the fines. We agree. "[C]ommitment for failure to pay has not been viewed as a part of the punishment or as an increase in the penalty; rather, it has been viewed as a means of enabling the court to enforce collection of money that a convicted defendant was obligated by the sentence to pay." Williams v. Illinois, 399

---

[1]The time from judgment of conviction to the time the fines were converted to jail terms ranged from seven to seventeen months. Pursuant to NRS 176.075, Slaughter was ordered to serve six months in jail; Bartholow was ordered to serve 105 days in jail.

U.S. 235, 240 (1970); *see* People v. Saffore, 218 N.E.2d 686 (N.Y. 1966) (conversion of a fine into a jail term for purposes of collection is not a change in the original sentence).

If a defendant were allowed to appeal from a judgment of conviction long after the conviction was entered merely because a fine is converted to jail time as a coercive measure to enforce payment, then a recalcitrant defendant might benefit greatly by his own misconduct. Particularly with respect to judgments of the municipal court, allowing a late appeal based on efforts to "collect" a fine would place a considerable burden on the state, because a case appealed from a municipal court is tried in the district court *de novo*. *See* NRS 5.073. The ability of the municipal court to enforce its judgments would be greatly diminished.

We conclude, therefore, that the district court lacks jurisdiction to entertain defendants' appeals challenging the validity of defendants' judgments of conviction. *See* Root v. City of Las Vegas, 84 Nev. 258, 439 P.2d 219 (1968) (timely filing of a notice of appeal from a judgment of the municipal court is jurisdictional); *see also* Jordan v. Director, Dep't of Prisons, 101 Nev. 146, 696 P.2d 998 (1985).

A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 33.320. In this case, the district court is exceeding its jurisdiction by entertaining defendants' untimely appeals from their judgments of conviction. Accordingly, we grant these petitions. The clerk of this court shall forthwith issue writs of prohibition precluding the district court from taking any further action with respect to defendants' appeals except for dismissing those appeals.[2]

---

[2]Nothing in this opinion shall prejudice defendants' rights to challenging the conversion of their fines to jail terms by filing in the district court appropriate petitions for writs of habeas corpus.