THE CITY OF LAS VEGAS, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for The County of Clark, and THE HONORABLE JEFFREY SOBEL, District Judge, Respondent, and REGINALD SLAUGHTER, Real Party in Interest.

No. 22546

THE CITY OF LAS VEGAS, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for The County of Clark, and THE HONORABLE JEFFREY SOBEL, District Judge, Respondent, and DENNIS BARTHOLOW, Real Party in Interest.

No. 22547

August 5, 1992                                    835 P.2d 806

*Roy A. Woofter,* City Attorney, and *Bruce W. Nelson,* Deputy City Attorney, Las Vegas, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondent.

*Thomas F. Pitaro,* Las Vegas, for Real Parties in Interest.

## OPINION ON REHEARING

*Per Curiam:*

On December 12, 1991, this court issued an opinion in these consolidated petitions granting the requests of the state to prohibit the district court from exercising jurisdiction over appeals from certain judgments of conviction. Specifically, we held that when a municipal court converts a fine to jail time as a coercive measure to enforce payment of the fine, the order of the municipal court does not constitute a modification or amendment of the original judgment of conviction that resulted in the fine; thus, no appeal from the underlying judgment of conviction could lie following the conversion of the fine to jail time. City of Las Vegas v. District Court, 107 Nev. 885, 822 P.2d 115 (1991). We noted, however, that the real parties could challenge the conversion of their fines to jail terms by filing appropriate petitions for writs of habeas corpus. *Id.* at 887 n.2, 822 P.2d at 116.

The real parties in interest have petitioned for rehearing. The petitions, however, do not demonstrate that this court overlooked or misapprehended any material fact, or that this court misapplied the law. Accordingly, we deny the petitions for rehearing. *See* NRAP 40(c).

Nevertheless, we note that the indigent individuals who are subject to having their fines converted to jail terms are generally untrained in the law. Thus, it may be difficult for such individuals to understand how to proceed with the filing of a petition for a writ of habeas corpus. Accordingly, as an exercise of this court's general supervisory authority over the municipal courts, we direct the municipal courts, in all future cases, to provide each indigent person whose fine is converted to jail time with a simplified form, complete with simplified instructions, to facilitate his or her filing of an appropriate petition for a writ of habeas corpus, thus allowing the district courts to determine whether the fine has been properly converted consistent with due process of law.