OPINION

Per Curiam:

This is an appeal by the state from an order of the district court granting respondent Sant’s motion to set aside a jury verdict finding him guilty of one count of robbery of a victim over 65 years of age. This is also an appeal by Sant from a judgment of conviction, entered pursuant to a jury verdict, of one count of second degree murder.
On June 18, 1993, a jury found Russell Daryl Sant guilty of second degree murder and robbery of a victim over 65 years of age. On June 29, 1993, Sant filed in the district court a motion to set aside the robbery verdict. On July 19, 1993, the district court orally granted the motion to set aside the robbery verdict. Also on *749 July 19, 1993, the state filed a notice of appeal from the district court’s oral order granting the motion to set aside the verdict. On July 23, 1993, the district court entered a written order granting the motion to set aside the jury’s verdict with respect to the robbery charge. Also on July 23, 1993, the district court orally announced that it was going to convict Sant of second degree murder.[1]
An untimely notice of appeal fails to vest jurisdiction in this court. See Jordon v. Director, Dep’t of Prisons, 101 Nev. 146, 696 P.2d 998 (1985). NRAP 4(b) provides that a notice of appeal by the state must be filed within thirty days after the entry of the challenged judgment or order. The district court entered its written order granting the motion to set aside the robbery verdict on July 23, 1993. The state, however, filed its notice of appeal on July 19, 1993.
NRAP 4(b) (emphasis added) states, in pertinent part:
In a criminal case, the notice of appeal by a defendant shall be filed in the district court within thirty (30) days after the entry of the judgment or order appealed from. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. . . . When an appeal by the state is authorized by statute, the notice of appeal shall be filed in the district court within thirty (30) days after the entry of the judgment or order appealed from. A judgment or order is entered within the meaning of this subdivision when it is signed by the judge and filed with the clerk.
The state contends that because the emphasized language in NRAP 4(b) allowing for the premature filing of a notice of appeal does not explicitly specify that it applies only to a notice of appeal filed by the defendant, the only reasonable interpretation is that it must also apply to a notice of appeal filed by the state. The state argues accordingly that its July 19, 1993, notice of appeal should be treated as filed on July 23, 1993, and was therefore not premature.
Even a cursory review of the plain language of the rule, however, reveals that the language the state focuses on refers only to the timeliness of a notice of appeal filed by a defendant. The reading of NRAP 4(b) urged by the state would render superfluous both the penultimate sentence, which addresses the timeliness of a notice of appeal by the state, and the words “by the defendant,” which qualify “notice of appeal” in the first sentence.
*750 We refuse to adopt such a strained and illogical interpretation of this rule. By separately elaborating the time constraints under which a defendant and the state must file a notice of appeal, NRAP 4(b) clearly treats appeals by a defendant differently from appeals by the state.[2] We conclude that the state’s premature notice of appeal failed to vest jurisdiction in this court. Accordingly, we dismiss the state’s appeal from the order setting aside the robbery verdict. Sant’s appeal from the murder conviction may proceed.

 Sant filed a timely notice of appeal.

 The state further contends that its untimely filing of its notice of appeal should be considered harmless error. This contention lacks merit. We have consistently held that the timely filing of a notice of appeal is jurisdictional. See Lozada v. State, 110 Nev. 349 , 871 P.2d 944 (1994); Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987); Scherer v. State, 89 Nev. 372, 513 P.2d 1232 (1973).