DEAN K. SELLERS, Petitioner, v. THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF ELKO, and THE HONORABLE J. MICHAEL MEMEO, District Judge, Respondents, and RICHARD J. MATTHEWS, Real Party in Interest.

No. 40766

June 26, 2003

71 P.3d 495

*Dean K. Sellers,* Gilbert, Arizona, in Proper Person.

*Matthews & Wines* and *Richard J. Matthews,* Elko, for Real Party in Interest.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION

*Per Curiam:*

This proper person writ petition presents an issue of first impression—whether NRS 69.030 authorizes an award of attorney fees to a prevailing proper person litigant. We conclude that it does not and that a justice's court exceeds its jurisdiction by awarding attorney fees to a prevailing proper person litigant who has not incurred any obligation to pay attorney fees, even if the proper person litigant is an attorney.

In the proceedings underlying this petition, Richard K. Matthews, an attorney, sued Dean K. Sellers, a non-attorney, in Elko justice's court for unpaid attorney fees. The parties both proceeded in proper person, and the justice's court entered judgment for Matthews on his claim for $5,075. In addition to the principle amount, the justice's court awarded Matthews prejudgment interest, $230 for costs of suit and $1,500 in attorney fees. Following an unsuccessful appeal to the district court, Sellers filed this proper person petition for a writ of certiorari.[1]

Because the district court has final appellate jurisdiction over cases arising in justice's court,[2] Sellers cannot appeal to this court and may seek relief only through a writ petition.[3] Certiorari is

---

[1]At our direction, Matthews filed an answer limited to the justice's court's authority to award attorney fees to a proper person attorney litigant who incurred no attorney fees. We deny as moot Sellers' transcript requests, received January 10 and 17, 2003; the transcript was filed February 10, 2003.

[2]Nev. Const. art. 6, § 6.

[3]*See City of Las Vegas v. Carver,* 92 Nev. 198, 547 P.2d 688 (1976) (holding that because supreme court lacks appellate jurisdiction to review a district court judgment entered on appeal from municipal court, an aggrieved party's only remedy would be a timely petition for writ of certiorari).

properly used to correct an inferior tribunal's judicial action if the tribunal exceeded its jurisdiction.[4]

The justice's court did not exceed its jurisdiction by entering judgment for Matthews, and awarding him prejudgment interest and costs. The court had jurisdiction over the subject matter and parties, NRS 99.040(1)(a) authorizes interest on the amount of the judgment from the time it became due, NRS 69.020 provides that the prevailing party in a justice's court is entitled to costs, and NRS 69.040(1) provides that the justice of the peace must tax and include in the judgment the costs allowed by law to the prevailing party. Although Matthews did not file a memorandum of costs, as required by NRS 69.040(2), he testified under oath that his costs were $230: the $126 filing fee plus $104 for service of process on Sellers in Arizona. Sellers did not cross-examine Matthews regarding his costs, challenge the amount or object to the lack of a memorandum. NRS 69.040's purpose was fully satisfied, and Matthews' testimony-in-lieu-of-memorandum did not deprive the justice's court of jurisdiction to award costs.[5]

The justice's court did exceed its jurisdiction, however, by awarding Matthews attorney fees that he did not incur and was not obligated to pay. NRS 69.030 provides that the prevailing party in a justice's court civil action shall receive, in addition to the costs of court, a reasonable attorney fee, and that the justice of the peace shall fix the fee and tax it as costs against the losing party. This court has not yet addressed the question whether the justice's court has jurisdiction under this statute to award attorney fees to a litigant who has represented himself, has not retained an attorney and has not incurred any attorney fees.

Other states that have addressed the question almost uniformly do not allow non-attorney proper person litigants to recover attorney fees.[6] In contrast, states that have considered whether an attorney proper person litigant may be awarded attorney fees are di-

---

[4]NRS 34.020; *see State of Nevada v. Dist. Ct.,* 116 Nev. 127, 133-34, 994 P.2d 692, 696-97 (2000) (holding that supreme court may exercise its constitutional power to entertain a petition for extraordinary writ seeking review of a municipal or justice's court decision, despite district court's appellate authority, to decide an unsettled issue of statewide importance).

[5]*Ex rel. Wolf v. Justice of the Peace,* 47 Nev. 359, 223 P. 821 (1924), which held that the justice's court lacked jurisdiction to tax costs because the prevailing party failed to file and serve a memorandum, is not on point because the prevailing party there did not testify as to his costs.

[6]Sonja A. Soehnel, Annotation, *Recovery Under State Law of Attorney's Fees by Lay Pro Se Litigant,* 14 A.L.R.5th 947 (1993 & Supp. 2002).

vided, with a slight majority permitting such fees.[7] Decisions approving fee awards to attorney proper person litigants generally do so on the basis that an attorney is paid for rendering legal services, and if he renders such services on his own behalf, it results in as much pecuniary loss to him as if he paid another attorney to render the same services.[8] So, if a losing party must pay attorney fees anyway, it should make no difference whether the fees are to be paid to an attorney representing himself or another attorney employed by him.[9] In short, "a lawyer's time and advice are his stock in trade."[10]

Of course, other professionals' time and advice are also their stock in trade, and it is unfair to differentiate on this basis alone. Some decisions disapproving fees to attorney proper person litigants, as well as non-attorney proper person litigants, do so on the basis that an attorney-client relationship is a prerequisite to an attorney fees award,[11] or that an attorney proper person litigant must be genuinely obligated to pay attorney fees before he may recover such fees.[12] And at least one state has declined to adopt a one-sided system whereby attorney proper person litigants may recover attorney fees awards without incurring any obligation to pay legal fees, while non-attorney proper person litigants may not, primarily because it would appear, and be, unfair.[13]

We join those states that decline to have one rule for attorneys who successfully represent themselves in court and a different rule for non-attorneys who do the same. We interpret NRS 69.030 to require that all proper person litigants, whether attorney or non-attorney, be obligated to pay attorney fees as a prerequisite for an award of prevailing party attorney fees. This interpretation gives effect to the Legislature's clear intent that the prevailing party in justice's court be reimbursed by the losing party for out-of-pocket costs incurred to prosecute the suit. To interpret the statute otherwise would require us

---

[7]C. Clifford Allen, III, Annotation, *Right of Party Who Is Attorney and Appears for Himself to Award of Attorney's Fees Against Opposing Party as Element of Costs*, 78 A.L.R.3d 1119 (1977 & Supp. 2002).

[8]*See, e.g., Winer v. Jonal Corporation*, 545 P.2d 1094, 1096-97 (Mont. 1976).

[9]*Id.*

[10]*Friedman v. Backman*, 453 So. 2d 938, 938 (Fla. Dist. Ct. App. 1984).

[11]*See, e.g., Connor v. Cal-Az Properties, Inc.*, 668 P.2d 896, 898-99 (Ariz. Ct. App. 1983).

[12]*See, e.g., Calhoun v. Calhoun*, 529 S.E.2d 14, 17 (S.C. 2000); *Lisa v. Strom*, 904 P.2d 1239, 1243 (Ariz. Ct. App. 1995).

[13]*Swanson & Setzke, Chtd. v. Henning*, 774 P.2d 909 (Idaho Ct. App. 1989), *cited with approval in Bowles v. Pro Indiviso, Inc.*, 973 P.2d 142, 148 (Idaho 1999).

to redefine what is meant by an attorney fee, which is commonly understood to be the sum paid or charged for legal services.[14]

Because Matthews represented himself and did not pay or incur any obligation to pay attorney fees, the justice's court exceeded its jurisdiction by awarding such fees. We therefore grant, in part, the petition for a writ of certiorari. The clerk of this court shall issue a writ of certiorari directing the district court to remand this matter to the Elko Township Justice's Court so that it may modify its judgment, consistent with this opinion, by deleting the $1,500 attorney fees award in *Matthews v. Sellers,* case number CV2002-0115.

---

[14]*See McKay v. Bd. of Supervisors,* 102 Nev. 644, 648, 730 P.2d 438, 441 (1986) (recognizing that rules of statutory construction require words in a statute to be given their plain meaning unless it violates the spirit of the act); *Merriam-Webster's Collegiate Dictionary* 426 (10th ed. 1995) (defining a "fee" as "a fixed charge" or "a sum paid or charged for a service").