An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TONY DANE,
Appellant,
vs.
GEICO GENERAL INSURANCE
COMPANY,
Respondent.

No. 62782

TONY DANE,
Appellant,
vs.
GEICO GENERAL INSURANCE
COMPANY,
Respondent.

No. 63299



**FILED**

SEP 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

These are consolidated appeals from a district court judgment after a jury verdict in an insurance bad faith and breach of contract action and from a post-judgment order awarding costs and denying attorney fees. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

After appellant Tony Dane's van was stolen, he filed a claim with his insurer, respondent GEICO. The van was recovered and, after investigating the van and the circumstances of the theft, GEICO denied Dane's claim. Dane sued for breach of contract and bad faith. The district court granted summary judgment to GEICO on the bad faith claim. Prior to trial on the contract claim, the district court denied Dane's motion to compel production of documents and granted GEICO's motion to exclude Robert Painter as an expert witness. After a jury found in Dane's favor,

15-27421

the district court entered judgment and granted Dane certain costs, but the court denied his request for attorney fees. Dane appealed.[1]

This court reviews de novo the district court's grant of summary judgment on the bad faith claim. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Insurance "[b]ad faith involves an actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 605, 729 P.2d 1352, 1354-55 (1986); *see also Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981) (applying an objective standard). In this case, while Dane attacks GEICO's investigations of the van's oil filter, an oil spill, the transponder key, and the ignition lock tumblers, Dane did not challenge the other evidence GEICO presented, which showed discrepancies revealed by its investigation of the theft of Dane's vehicle. Based on this evidence, we conclude that the district court did not err in granting summary judgment to GEICO.

---

[1]Dane's joint appendix does not comply with NRAP 30(c)(1), which requires that "[e]ach page of the appendix shall be numbered consecutively in the lower right corner of the document." Although a joint appendix that exceeds 250 pages must be arranged in volumes that contain no more than 250 pages, the per-volume page limit does not alter the requirement that the pages of the appendix as a whole must be numbered consecutively. Here, each of the joint appendix's twelve volumes starts at page 1, which causes unnecessary confusion. We caution counsel that parties that do not comply with the rules concerning briefs and appendices risk sanctions, including having their appeal dismissed for non-compliance. *Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev., Adv. Op. 23, 322 P.3d 429, 434-36 (2014) (dismissal); *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 95-96, 127 P.3d 1057, 1066-67 (2006) (monetary sanctions).

As to the expert witness and discovery issues, Dane prevailed at trial and does not argue that, had these issues been decided in his favor, he would have received a greater recovery. Thus, because the bad faith claim was properly decided, the issues are moot, *see Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010), and we thus decline to disturb these orders.

Turning to costs, costs must be reasonable, actually incurred, and supported by receipts or other evidence. NRS 18.005; *Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1352-53, 971 P.2d 383, 385-86 (1998). We review a district court's award of costs for an abuse of discretion. *Id.* at 1352, 971 P.2d at 385. The district court awarded Dane $8,789.37 in costs, which constitutes only a portion of his requested costs. Except for Scott Kimbrough's expert witness deposition fee, we affirm the district court's disposition of the cost items because Dane either did not provide receipts, provided receipts for a lesser amount than claimed, provided only a summary receipt, or did not prove that the costs were authorized or reasonable and necessary under NRS 18.005. Regarding Scott Kimbrough's expert witness fee, Kimbrough was designated as an expert witness by GEICO and Dane incurred the fee when deposing Kimbrough. Taking an opposing expert witness's deposition is reasonable, even when the expert witness is not used in a later trial. *See Bergmann v. Boyce*, 109 Nev. 670, 679-80, 856 P.2d 560, 566 (1993). Thus, the district court abused its discretion when it did not award Kimbrough's $975 deposition fee. *Id.* Accordingly, we reverse the portion of the district court's order concerning Kimbrough's deposition fee; Dane is entitled to an additional $975 for Kimbrough's deposition fee, for a total costs award of $9,764.37.

Finally, regarding attorney fees, under NRS 18.010(2)(a), a prevailing party may be awarded attorney fees when he "has not recovered more than $20,000." NRS 18.010(2)(a) does not contain any language limiting the fees to those successful claims or portions of a case which an attorney presented.[2] Thus, while a pro se party is not entitled to attorney fees for his time, *Sellers v. Fourth Judicial Dist. Court*, 119 Nev. 256, 259, 71 P.3d 495, 498 (2003), a party who represented himself for a portion of the litigation and retained an attorney for another portion is, where a basis exists for an award, entitled to an award of the reasonable attorney fees that he incurred. *See In re Estate & Living Trust of Miller*, 125 Nev. 550, 555-56, 216 P.3d 239, 243 (2009) ("An unrepresented party who serves an offer of judgment may recover post-offer fees incurred and paid to a lawyer who thereafter appears in the case on the offering party's behalf."). Here, Dane prevailed on his contract claim and recovered less than $20,000. He is therefore entitled to an award of reasonable attorney fees. NRS 18.010(2)(a); *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 94, 127 P.3d 1057, 1065-66 (2006). Accordingly, we reverse the portion of the district court's order denying Dane's request for attorney fees for Hansen

---

[2]In this regard, respondent cites to the *Brunzell v. Golden Gate National Bank* factors as support for its argument that a party is not entitled to attorney fees when the party employed an attorney part time and the attorney did not prevail on any significant issue. 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). This argument is misplaced. While it may be germane when determining the reasonableness of attorney fees under the *Brunzell* factors, *see id.* (indicating that one factor is the result obtained), the *Brunzell* factors do not govern the initial inquiry of whether a party is entitled to an attorney fees award. Nothing in this order is intended to suggest that Dane's former attorneys' fees were or were not reasonable; that is for the district court to consider in the first instance on remand.

Rasmussen, L.L.C. and remand this matter to the district court for the court to consider the *Brunzell* factors and determine what reasonable amount of attorney fees should be awarded to Dane.[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Parraguirre

_____ , J.          _____ , J.
Douglas                                        Cherry

cc:     Hon. Joanna Kishner, District Judge
        Salvatore C. Gugino, Settlement Judge
        David L. Mann
        Georgeson Angaran, Chtd.
        Eighth District Court Clerk

---

[3]While Dane is entitled to reasonable attorney fees paid to Hansen Rasmussen, L.L.C. incurred in the district court action, he is not entitled to an award of attorney fees paid for any writ petitions filed, because writs are original and separate legal proceedings, *see* NRS 34.160; NRS 34.330; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 229, 88 P.3d 840, 844 (2004) ("A petition for writ relief invokes th[e] [petitioned] court's original jurisdiction."), or for attorney fees on appeal, because NRS 18.010(2) does not authorize an award of appellate attorney fees. *Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 288, 994 P.2d 1149, 1150 (2000) (holding that NRS 18.010(2) does not provide for an award of attorney fees on appeal); *Bobby Berosini*, 114 Nev. at 1356-57, 971 P.2d at 388 (same).

SUPREME COURT
OF
NEVADA

(O) 1947A

5