**134 Nev., Advance Opinion 20**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PETER M. SOUTHWORTH,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE ROB<br>BARE, DISTRICT JUDGE,<br>Respondents,<br>and<br>LAS VEGAS PAVING CORPORATION,<br>Real Party in Interest. | No. 73655<br><br>**FILED**<br><br>MAR 29 2018<br><br> |

Original pro se petition for a writ of mandamus or prohibition challenging the denial of a motion to dismiss for lack of jurisdiction.

*Petition granted.*

Peter M. Southworth, Ridgecrest, California,
in Pro Se.

Emerson Law Group and Phillip R. Emerson, Henderson,
for Real Party in Interest.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, GIBBONS, J.:

This petition asks this court to determine whether the time to appeal outlined in the Justice Court Rules of Civil Procedure (JCRCP), specifically the time set forth in JCRCP 98, is jurisdictional and mandatory,

therefore removing from the district court's jurisdiction an untimely appeal from justice court.

## FACTS AND PROCEDURAL HISTORY

This case arose originally as a small claims action in the Las Vegas Justice Court Township. Petitioner Peter Southworth filed a small claims complaint against real party in interest Las Vegas Paving Corporation (LVPC). The matter was first heard by a referee appointed by the justice of the peace in accordance with NRS 4.355 and as incorporated by Rule 48 of the Justice Court Rules of Las Vegas Township. After the referee made his findings of fact, conclusions of law, and recommendations, recommending that Southworth receive only a portion of his requested relief, Southworth filed a formal objection. A de novo formal objection hearing was held, and the justice of the peace pro tempore entered a final judgment granting Southworth full relief on March 22, 2017. Notice of the judgment was mailed to the parties on March 24, 2017. On April 7, 2017, LVPC appealed that final judgment to the district court.

Southworth moved to have the appeal dismissed under JCRCP 98, which states that a notice of appeal from a small claims action in justice court to district court must be filed within five days of entry of judgment. LVPC first argued JCRCP 72, which allows for 20 days to appeal, governed the proceeding.[1] Alternatively, LVPC argued that the district court should exercise its discretion under JCRCP 1 to expand the time to appeal outlined in JCRCP 98, as the procedure used in the justice court was confusing and the notice of appeal was filed only two days late. The district court agreed with this latter argument and denied Southworth's motion to dismiss,

---

[1]The district court found, and we agree, that this matter was clearly a small claims proceeding governed by JCRCP 98, not JCRCP 72. Thus, we reject this argument as being without merit.

thereby exerting jurisdiction to hear the matter despite an untimely appeal. Southworth now petitions this court for a writ of mandamus or prohibition arresting the district court's improper exercise of jurisdiction or compelling the district court to grant his motion to dismiss.

## DISCUSSION

The issue before this court is whether the time to appeal outlined in JCRCP 98 is jurisdictional and mandatory, or whether a district court may exercise discretion to expand the time to appeal where "literal application of [the] rule would work hardship or injustice." JCRCP 1. Southworth asks this court to hold that JCRCP 98 is jurisdictional and mandatory and to issue a writ of prohibition arresting the district court from entertaining an appeal that is untimely under that rule.

First, we examine whether writ relief is available in this context. "Because the district court has final appellate jurisdiction over cases arising in justice's court, [petitioners] cannot appeal to [the appellate] court and may seek relief only through a writ petition." *Sellers v. Fourth Judicial Dist. Court*, 119 Nev. 256, 257, 71 P.3d 495, 496 (2003) (footnotes omitted). As a general rule, we decline to entertain writ petitions that request review of a decision of the district court acting in its appellate capacity; however, where the district court has improperly refused to exercise its jurisdiction, has exceeded its jurisdiction, or has exercised its discretion in an arbitrary or capricious manner, we make exception to that general rule. *State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 134, 994 P.2d 692, 696 (2000). Where a district court has exercised jurisdiction over an untimely appeal from a justice court, a petition for a writ prohibiting the district court from hearing that matter is properly before this court and may issue. *City of Las Vegas v. Eighth Judicial Dist. Court*, 107 Nev. 885, 887, 822 P.2d 115, 116 (1991); *see also* NRS 34.320.

 

Accordingly, we determine that, because Southworth alleges that the district court exceeded its jurisdiction, the matter is properly before us and a writ of prohibition is the appropriate form of relief.

Second, we hold that the rule governing timeliness of appeal from small claims actions in justice court to district court is "clear and absolute to give parties and counsel fair notice of the procedures for vesting jurisdiction in" the district court. *See Phelps v. State*, 111 Nev. 1021, 1022, 900 P.2d 344, 345 (1995). The rules state that JCRCP 98 governs the time to appeal from small claims actions in justice court and that a notice of appeal *must* be filed in district court within five days of entry of judgment. JCRCP 98; *see also* JCRCP 2, 72. The rules further provide that "[f]ailure of an appellant to take any step *other than* the timely filing of a notice of appeal does not affect the validity of the appeal." JCRCP 72 (emphasis added). In other words, failure to file a notice of appeal from a small claims action in justice court within five days clearly affects the validity of the appeal.

Moreover, while JCRCP 1 gives the district court discretion to act outside the scope of the rules where "literal application of [the] rule[s] would work hardship or injustice," we further hold that such a broad, discretionary rule cannot be used to expand the time to appeal. *See Scherer v. State*, 89 Nev. 372, 374, 513 P.2d 1232, 1233 (1973) ("The timely filing of a notice of appeal is jurisdictional and is an essential prerequisite to the perfection of an appeal."). We have repeatedly indicated in analogous settings that exercising such discretionary authority is inappropriate in the context of appeal time limits. *See, e.g., City of Las Vegas,* 107 Nev. at 887, 822 P.2d at 116 (holding a district court exceeds its jurisdiction and can be arrested by writ for entertaining untimely appeals from judgments of conviction entered in municipal court); *Walker v. Scully,* 99 Nev. 45, 46, 657

 

P.2d 94, 94 (1983) (holding that a district court lacks authority to extend the 30-day period to file a notice of appeal set forth by the Nevada Rules of Appellate Procedure).

## CONCLUSION

We hold that the appeals time limit set forth in JCRCP 98 is jurisdictional and mandatory. Because LVPC filed its appeal outside the allotted five-day period, the district court did not have jurisdiction to entertain the untimely appeal. We therefore grant the petition and direct the clerk of this court to issue a writ of prohibition instructing the district court to arrest its exercise of jurisdiction over LVPC's appeal.

_____, J.
Gibbons

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A