**137 Nev., Advance Opinion 12**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROMAN HILDT,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE RICHARD SCOTTI, DISTRICT JUDGE,<br>Respondents,<br>and<br>CITY OF HENDERSON,<br>Real Party in Interest. | No. 79605<br><br>FILED<br><br>MAR 25 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus or, alternatively, a writ of habeas corpus in a criminal matter concerning the right to a jury trial.

*Petition granted.*

Kimberly A. Nelson, Las Vegas; Aisen Gill & Associates LLP and Michael N. Aisen and Adam L. Gill, Las Vegas,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Nicholas Vaskov, City Attorney, Marc M. Schifalacqua, Senior Assistant City Attorney, and Elaine F. Mather, Assistant City Attorney, Henderson,
for Real Party in Interest.

Steven B. Wolfson, District Attorney, and Alexander G. Chen, Chief Deputy District Attorney, Clark County,
for Amicus Curiae Clark County District Attorney.

21-08485

Bradford R. Jerbic, City Attorney, and Carlene M. Helbert, Deputy City Attorney, Las Vegas,
for Amicus Curiae City of Las Vegas.

Micaela C. Moore, City Attorney, and Deep Goswami, Chief Deputy City Attorney, North Las Vegas,
for Amicus Curiae City of North Las Vegas.

---

BEFORE THE COURT EN BANC.

## *OPINION*

By the Court, HARDESTY, C.J.:

Petitioner Roman Hildt maintains that both the municipal court and the district court erred by denying him the right to a jury trial for his misdemeanor battery constituting domestic violence charge. Approximately three weeks after the district court affirmed his conviction on appeal, and the day before Hildt filed the instant writ petition, we decided the same issue in *Andersen v. Eighth Judicial District Court*, therein announcing a new constitutional rule of criminal procedure: persons charged with a misdemeanor domestic battery offense are entitled to a jury trial. 135 Nev. 321, 324, 448 P.3d 1120, 1124 (2019). In light of this new rule, Hildt seeks a writ of mandamus ordering that his conviction be vacated and that he receive a jury trial. Thus, this original writ petition requires us to determine whether Hildt's misdemeanor conviction became final, such that the rule announced in *Andersen* cannot be retroactively applied to him.

Pursuant to our retroactivity framework in *Colwell v. State*, 118 Nev. 807, 820-21, 59 P.3d 463, 472 (2002), we apply new constitutional rules of criminal procedure to all cases in which the conviction of the individual

seeking application of the rule is not yet final. Because we decided *Andersen* before Hildt's time for filing a petition for a writ of certiorari to the United States Supreme Court expired, Hildt's misdemeanor conviction was not final, and thus the new rule in *Andersen* applies to his case. Accordingly, we grant Hildt's petition for a writ of mandamus.[1]

## FACTS AND PROCEDURAL HISTORY

Real party in interest the City of Henderson filed a criminal complaint against Hildt, alleging one count of first-offense battery constituting domestic violence—a misdemeanor pursuant to NRS 200.485(1)(a). Hildt filed a motion requesting a jury trial in the Henderson municipal court. Hildt acknowledged that Nevada law did not recognize the right to a jury trial in misdemeanor domestic battery cases, but he requested that the municipal court stay his case pending the outcome of *Andersen*, which was being considered by this court. The municipal court denied the motion. The matter proceeded to a bench trial, where the municipal court found Hildt guilty of the charged offense. Thereafter, the municipal court sentenced Hildt but stayed the execution of his sentence pending the outcome of Hildt's appeal to the district court.

On appeal to the district court, Hildt claimed that the municipal court erred by denying his jury trial request. The district court denied Hildt's appeal and affirmed his conviction on August 21, 2019. Remittitur issued on September 5, 2019. One week later, on September 12, 2019, this court decided *Andersen*. Hildt filed this original writ petition the following day.

---

[1]Hildt alternatively seeks a writ of habeas corpus. In light of this opinion, the request for habeas relief is denied.

## DISCUSSION

Pursuant to the Nevada Constitution, we have the "power to issue writs of *mandamus* . . . ." Nev. Const. art. 6, § 4. "The power to issue such writs is part of this court's original jurisdiction; it is not merely auxiliary to our appellate jurisdiction." *State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 133, 994 P.2d 692, 696 (2000). A writ of mandamus may issue "to compel the performance of an act which the law requires as a duty resulting from an office or where the discretion has been manifestly abused or exercised arbitrarily or capriciously." *Andersen*, 135 Nev. at 322, 448 P.3d at 1122 (internal quotation marks omitted); *see also* NRS 34.160. "A writ will not be issued when the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170.

Generally, we decline to consider writ petitions that request review of a district court decision rendered while acting in its appellate capacity, in recognition that doing so "would undermine the finality of the district court's appellate jurisdiction." *Hedland*, 116 Nev. at 134, 994 P.2d at 696; *see also* Nev. Const. art. 6, § 6 (granting district courts "final appellate jurisdiction in cases arising in Justices Courts and such other inferior tribunals as may be established by law"). Nevertheless, we will entertain such petitions where "the district court has improperly refused to exercise its jurisdiction, has exceeded its jurisdiction, or has exercised its discretion in an arbitrary or capricious manner." *Hedland*, 116 Nev. at 134, 994 P.2d at 696. We will also exercise our discretion "where the petition present[s] a significant issue of statewide concern that would otherwise escape our review." *Amezcua v. Eighth Judicial Dist. Court*, 130 Nev. 45,

48, 319 P.3d 602, 603-04 (2014), *overruled in part by Andersen*, 135 Nev. at 323-24, 448 P.3d at 1123-24.

Our decision in *Andersen* overruled this court's prior precedent and requires municipal courts to provide a jury trial to any defendant charged with misdemeanor battery constituting domestic violence. 135 Nev. at 324, 448 P.3d at 1124; *see Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1197 (2020) (stating that "mandamus is available . . . where the law is overridden"). Hildt argues that *Andersen* applies retroactively to his case, and, as a result, he was erroneously denied the right to a jury trial on his misdemeanor battery constituting domestic violence charge. The retroactive effect of *Andersen* to Hildt's case implicates an issue of first impression concerning the finality of misdemeanor convictions with respect to our retroactivity jurisprudence—an issue of statewide concern that if not addressed in the context of a writ petition would escape this court's review. Further, Hildt has no other remedy to enforce his right to a jury trial because a litigant may only challenge a district court's appellate decision by way of a writ petition invoking our original jurisdiction. *See Sellers v. Fourth Judicial Dist. Court*, 119 Nev. 256, 257, 71 P.3d 495, 496 (2003) (explaining that the district court's "final appellate jurisdiction over cases arising in" lower tribunals restricts a party's request for relief from this court to writ petitions). For these reasons, we exercise our discretion to consider this petition for a writ of mandamus.

*Retroactive application of* Andersen

Hildt argues that the municipal court and district court erred by denying him a jury trial because, as this court recognized in *Andersen*, the penalties for first-offense domestic battery make it a serious offense, such that the constitutional right to a jury trial attaches. He contends that

the rule announced in *Andersen* applies to his case because his conviction was not final at the time *Andersen* was issued. In response, the City claims that Hildt's conviction was final at the time we issued the opinion.

We apply new constitutional rules of criminal procedure retroactively to all cases where the conviction of the individual seeking application of the rule is not yet final when the rule is announced. *Colwell*, 118 Nev. at 820-21, 59 P.3d at 472. A constitutional rule is new if "the decision announcing it overrules precedent" or rejects either an arguably sanctioned practice by this court or one consistently utilized by lower courts. *Id.* at 819-20, 59 P.3d at 472. Although our prior caselaw concluded that first-offense domestic battery was not a serious offense to which the right to a jury trial attached, in *Andersen* we recognized that intervening legislative changes to the offense now render it serious and subject to the jury-trial right. *See Amezcua*, 130 Nev. at 51, 319 P.3d at 606; *Andersen*, 135 Nev. at 323, 448 P.3d at 1123; NRS 202.360(1)(a). Therefore, *Andersen* announced a new constitutional rule of criminal procedure.

Having concluded that *Andersen* announced a new rule, we consider whether Hildt's conviction was final at the time *Andersen* was decided. *Colwell*, 118 Nev. at 820, 59 P.3d at 472. For purposes of the retroactivity analysis, we have said that a conviction is "final" when "judgment has been entered, the availability of appeal has been exhausted, and a petition for certiorari to the Supreme Court has been denied or the time for such a petition has expired." *Id.* Hildt argues that his conviction was not final because he still had time to file a petition for writ of certiorari with the United States Supreme Court at the time *Andersen* was issued. The City counters that Hildt did not have a right to file that petition and

thus his conviction was final after the district court denied his appeal, before *Andersen* was decided.

However, the City provides no explanation or authority outside of United States Supreme Court Rule 13.1 to support its position that misdemeanants may not file certiorari petitions to challenge their misdemeanor convictions. United States Supreme Court Rule 13.1, which sets forth a 90-day time period for filing a "petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort," does not preclude a misdemeanant from filing a petition for review of his judgment of conviction. *See also Talley v. California*, 362 U.S. 60, 61-62 (1960) (granting a misdemeanant's petition for a writ of certiorari to review a superior court judgment affirming his misdemeanor conviction, where the misdemeanant raised constitutional contentions and the superior court was "the highest state court available" to him). Furthermore, although *Colwell* concerned a felony conviction, 118 Nev. at 811, 59 P.3d at 466, neither it nor *Teague v. Lane*, 489 U.S. 288 (1989), upon which we relied in *Colwell*, *see* 118 Nev. at 818-19, 59 P.3d at 471-72, indicated that misdemeanor convictions should be treated differently with respect to finality. Thus, we conclude that, like felony convictions, a misdemeanor conviction becomes final once the availability of direct appeal to the state courts has been exhausted and a timely filed petition for a writ of certiorari to the Supreme Court has been denied or the time for filing the petition has elapsed.

Hildt timely appealed his misdemeanor conviction to the district court, which affirmed the conviction and denied his appeal by order on August 21, 2019. Because district courts have final appellate jurisdiction over all cases arising in municipal court, *see* Nev. Const. art. 6, § 6; *Sparks*

v. *Bare*, 132 Nev. 426, 430, 373 P.3d 864, 866-67 (2016), no further appeal was available to Hildt. Thus, Hildt had 90 days from entry of the district court's order to file a petition for writ of certiorari to the Supreme Court. As *Andersen* was decided before that time period expired, Hildt's conviction was not final and the rule in *Andersen* applies to his conviction. Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying Hildt's appeal and to proceed in a manner consistent with this opinion.[2]

_____, C.J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

---

[2]In its answer, the City requests that, if this court determines that *Andersen* retroactively applies to Hildt's case, we also address whether it may legally conduct jury trials in domestic battery matters. We decline to reach this issue, as it seeks advisory relief not properly before us in this matter. *See* NRAP 21(a) (detailing this court's requirements for writ petitions); *see also Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 822, 407 P.3d 702, 708 (2017) (explaining that "in the context of extraordinary writ relief, consideration of legal arguments not properly presented to and resolved by the district court will almost never be appropriate").