IN THE SUPREME COURT OF THE STATE OF NEVADA

NERY GUSTAVO FONSECA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CRYSTAL ELLER, DISTRICT JUDGE,
Respondents,
and
THE CITY OF NORTH LAS VEGAS,
Real Party in Interest.

No. 83840

FILED

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges the district court's order affirming petitioner's misdemeanor conviction for battery. We generally "decline to consider writ petitions that request review of a district court decision rendered while acting in its appellate capacity." *Hildt v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 12, 483 P.3d 526, 529 (2021). And having reviewed the petition, we are not convinced that any of the exceptions to that general rule are implicated here. *See id.* (identifying exceptions as instances where the district court has refused to exercise or exceeded its jurisdiction or has exercised its discretion arbitrarily or capriciously and where the petition presents important issues of statewide concern that would otherwise evade this court's review). In particular, petitioner has not demonstrated that the district court overrode or misapplied controlling law and thus has now shown that the district court acted arbitrarily or capriciously or manifestly abused its discretion. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680-81, 476 P.3d 1194, 1197 (2020) (explaining that a manifest abuse or arbitrary or capricious

22-08502

exercise of discretion occurs when "the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will" (quoting *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011))); *see also Salinas v. Texas*, 570 U.S. 178, 183 (2013) (recognizing a split in authority as to whether an accused's prearrest silence may be used in the prosecution's case-in-chief); *Jenkins v. Anderson*, 447 U.S. 231, 240 (1980) (concluding government's comment on prearrest silence was not improper); *Raffel v. United States*, 271 U.S. 494, 496-97 (1926) (stating a defendant waives the right to remain silent by testifying in his own defense and becomes subject to cross-examination like any other witness). Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc: Hon. Crystal Eller, District Judge
Joseph P. Reiff
Attorney General/Carson City
North Las Vegas City Attorney
Eighth District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.