*1350
 
 OPINION
 

 Per Curiam:
 

 This case involves an appeal and cross-appeal from the district court’s order granting respondents/cross-appellants, People for the Ethical Treatment of Animals (PETA), and Performing Animal Welfare Society (PAWS), $144,000.00 and $42,000.00, respectively, in attorney’s fees, and $228,625.48 and $6589.91, respectively, in costs.
 

 On appeal, Bobby Berosini (Berosini) contends that the district court abused its discretion in awarding several items of respondents/cross-appellants’ costs and in awarding attorney’s fees pursuant to NRS 18.010(2)(b) as a sanction for prosecuting a frivolous claim. We agree. Accordingly, for the reasons set forth below, we reverse the district court’s award of several categories of costs to PETA and PAWS, and vacate PETA and PAWS’ award of attorney’s fees pursuant to NRS 18.010(2)(b) in its entirety.
 

 FACTS
 

 The underlying material facts of this case are well known and are reported in detail in PETA v. Berosini, Ltd., 111 Nev. 615, 895 P.2d 1269 (1995). On August 2, 1989, approximately three days after a tape which depicted Berosini beating his stage animals aired on a national television program, Berosini filed a complaint against PETA and PAWS for defamation of character, intrusion, appropriation, tortious interference with contract, conspiracy, and injunction.
 

 At the conclusion of trial, the jury unanimously found that Berosini had been defamed and that his privacy had been invaded. Consequently, the jury awarded Berosini damages totaling $4,200,000.00. The district court subsequently denied PETA and
 
 *1351
 
 PAWS’ post-trial motion for JNOV, after which they appealed the jury’s verdict to this court.
 

 On February 9, 1994, PETA, PAWS, and Berosini entered into a stipulation agreeing that they would file their memorandum of costs within two weeks after this court issued a remittitur. On May 22, 1995, we issued our decision reversing Berosini’s favorable judgment in its entirety, after concluding that Berosini had failed to present sufficient evidence to support the verdict.
 
 See PETA,
 
 111 Nev. at 639, 895 P.2d at 1285.
 

 On May 31, 1995, we issued a remittitur in the case, and June 2, 1995, PAWS timely filed its memorandum of costs pursuant to the February 9, 1994, stipulation. On June 6, 1995, by agreement of the parties, the district court entered its order extending the date for PETA to file its amended memorandum of costs until June 23, 1995. Pursuant to the district court’s order, PETA timely filed its second memorandum of costs on June 23, 1995.
 

 By order dated May 29, 1996, the district court awarded PETA $228,625.48 and PAWS $6589.91 in costs. Additionally, the district court awarded PETA $144,000.00 and PAWS $42,000.00 in attorneys’ fees pursuant to NRS 18.010(2)(b), as a sanction against Berosini for filing a frivolous lawsuit. However, in making this ruling with respect to attorney’s fees, the district court found that the totality of Berosini’s complaint was not frivolous. With respect to PETA’s request for attorney’s fees, the district court found:
 

 [Tjhere is a much greater factual basis for the possibility of — or for the filing of conspiracy and false light charges, and for a defamation action based upon the showing of a tape that had been enhanced and at the same time making a number of comments with regard to the concept of abuse that PETA did. Because I find there is much greater evidence against the PETA defendants ... I find that there is a greater validity to the suit as against PETA.
 

 Because the district court concluded that much of Berosini’s claim against PETA was meritorious, the district court determined, with respect to attorney’s fees pursuant to NRS 18.010(2)(b), that:
 

 [F]or purposes of apportionment whatever attorney’s fees I find to be reasonable with regard to PETA will be apportioned on the basis of a sixty-forty ratio. That is, forty percent of the lawsuit I think had a great deal of validity, sixty percent of it I felt did not.
 

 Based on this ratio, the district court awarded PETA $144,000.00 in attorney’s fees.
 

 
 *1352
 
 Berosini now appeals, and PETA cross-appeals, from the district court’s order granting PETA and PAWS costs and attorney’s fees.
 

 DISCUSSION
 

 The district court abused its discretion in awarding several categories of costs to PETA and PAWS due to insufficient documentation
 

 Berosini asserts that the district court abused its discretion in awarding the full amount of PETA and PAWS’ costs because they failed to provide sufficient documentation and itemization in their respective cost memoranda.
 
 [1]
 
 We agree.
 

 The determination of allowable costs is within the sound discretion of the trial court. However, statutes permitting the recovery of costs are to be strictly construed because they are in derogation of the common law. Gibellini v. Klindt, 110 Nev. 1201, 1205, 885 P.2d 540, 543 (1994). Pursuant to NRS 18.005, costs must be reasonable. We have held that “reasonable costs” must be actual and reasonable, “rather than a reasonable estimate or calculation of such costs . . . .”
 
 Gibellini,
 
 110 Nev. at 1206, 885 P.2d at 543.
 

 Although Berosini challenges fifteen specific cost categories of the district court’s award of costs to PETA, our review of the record on appeal has indicated that only four of the cost categories are problematic. In the first cost category, we note that the district court awarded PETA $3561.25 in fees for investigative services. Although investigative fees are not specifically recoverable pursuant to NRS 18.005, a district court may nonetheless award costs for additional items pursuant to NRS 18.005(16) on the condition that such fees are reasonable, necessary and incurred in the action.
 
 [2]
 

 Here, although PETA submitted itemized material in support of its request for investigative fees, PETA did not attempt to demonstrate how such fees were necessary to and incurred in the pre
 
 *1353
 
 sent action. Because we must strictly construe statutes permitting the recovery of costs,
 
 see Gibellini,
 
 110 Nev. at 1205, 885 P.2d at 543, we conclude that PETA has failed to justify its entitlement to costs for investigative fees. Accordingly, the district court abused its discretion in awarding PETA such costs.
 

 In addition to fees for investigative services, the district court awarded PETA $6089.64 in costs for photocopies and $4974.69 in costs for long distance telephone charges. Both categories of costs are recoverable pursuant to NRS 18.005 (12)-(13). However, based on our review of the record on appeal, we note that PETA failed to provide sufficient justifying documentation beyond the date of each photocopy and the total photocopying charge. Moreover, PETA failed to provide any itemization with respect to its request for long distance telephone costs. Because of PETA’s insufficient documentation, we are unable to determine the reasonableness of these cost awards. Accordingly, the district court abused its discretion in awarding PETA such costs.
 

 Additionally, the district court awarded PETA costs for jurors’ fees in the amount of $12,370.00. Although jurors’ fees are recoverable pursuant to NRS 18.005(3), PETA’s supplemental documentation of costs fails to contain any itemization or justifying documentation with respect to this cost. Accordingly, we are unable to ascertain whether such costs were accurately assessed and, thus, we conclude that the district court abused its discretion in awarding PETA $12,370.00 in jury fees.
 

 Finally, we note that the district court awarded $6589.91 in costs to PAWS. Based on our review of the record on appeal, we note that PAWS’ memorandum of costs is completely void of any specific itemization. Because of the lack of sufficient supporting documentation, we conclude that the district court abused its discretion in awarding costs to PAWS.
 

 The district court abused its discretion in awarding attorney’s fees pursuant to NRS 18.010(2)(b)
 

 Berosini argues that the district court abused its discretion in awarding PETA $144,000.00 and PAWS $42,000.00 in attorneys’ fees pursuant to NRS 18.010(2)(b). Specifically, Berosini asserts that his favorable trial verdict below, combined with the fact that his claim was legally sufficient to withstand summary judgment and a post-trial motion for JNOV, “conclusively establishes that [his] complaint was brought on reasonable grounds.” We agree.
 

 The decision to award attorney’s fees is within the sound dis
 
 *1354
 
 cretion of the trial court. Bergmann v. Boyce, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993). A district court’s award of attorney’s fees will not be disturbed on appeal absent a manifest abuse of discretion. Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994).
 

 NRS 18.010(2) provides:
 

 In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney’s fees to a prevailing party:
 

 (b) Without regard to the recovery sought, when the court finds that the claim . . . was brought without reasonable ground or to harass the prevailing party.
 

 In Allianz Ins. Co. v. Gagnon, 109 Nev. 990, 996, 860 P.2d 720, 724 (1993), we explained that for purposes of an award of attorney’s fees pursuant to NRS 18.010(2)(b), “[a] claim is groundless if ‘the allegations in the complaint ... are not supported by any credible evidence at trial.’ ” (quoting Western United Realty, Inc. v. Isaacs, 679 P.2d 1063, 1069 (Colo. 1984)).
 

 In Barozzi v. Benna, 112 Nev. 635, 639, 918 P.2d 301, 303 (1996), we again visited the issue of attorney’s fees pursuant to NRS 18.010(2)(b) and explained that “ ‘[i]f an action is not frivolous when it is initiated, then the fact that it later becomes frivolous will not support an award of [attorney’s] fees.’” (quoting Duff v. Foster, 110 Nev. 1306, 1309, 885 P.2d 589, 591 (1994)).
 

 Based on the foregoing authority, we conclude that the district court abused its discretion in awarding attorney’s fees pursuant to NRS 18.010(2)(b). At the time Berosini filed his amended complaint on March 29, 1990, the status of Nevada law was unclear as to whether a videotape could be considered “false” for purposes of a defamation claim. The viability of Berosini’s claim is underscored by the fact that he won a trial judgment in the district court after withstanding summary judgment and a post-trial motion for JNOV. Based on these facts alone, it is difficult to contend that Berosini filed his claim “without reasonable ground or to harass the prevailing party.” NRS 18.010(2)(b).
 

 Moreover, as our cases regarding the propriety of attorney’s fees pursuant to NRS 18.010(2)(b) make clear, this court’s subsequent reversal of Berosini’s trial verdict does not establish, as PETA contends, that Berosini filed his complaint with improper motives or without reasonable grounds. Accordingly, we conclude
 
 *1355
 
 that the district court abused its discretion in awarding attorney’s fees to PETA and PAWS pursuant to NRS 18.010(2)(b).
 
 [3]
 

 The district court abused its discretion in failing to award prejudgment interest on the awarded costs
 

 In its cross-appeal, PETA argues that the district court abused its discretion in disallowing pre-judgment interest on the awarded costs.
 
 [4]
 
 We agree.
 

 In relevant part, NRS 17.130 provides:
 

 1. In all judgments and decrees, rendered by any court of justice, for any debt, damages or costs, and in all executions issued thereon, the amount must be computed, as near as may be, in dollars and cents, rejecting smaller fractions, and no judgment, or other proceedings, may be considered erroneous for that omission.
 

 2. When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied ....
 

 In Gibellini v. Klindt, 110 Nev. 1201, 1209, 885 P.2d 540, 545 (1994), we rejected a challenge to the propriety of an award of prejudgment interest on costs by holding that “NRS 17.130(1) refers to ‘judgments ... for any debt, damages or costs.’ Thus, we conclude that the term ‘judgment’ encompasses both damages and costs, so that prejudgment interest is recoverable on costs.” We concluded by adding that “[i]f a party is unable to prove when costs were incurred, interest on those costs should be awarded only from the time of judgment.”
 
 Id.
 

 Based on the foregoing authority, we conclude that PETA is entitled to prejudgment interest on those costs that were suffi
 
 *1356
 
 ciently itemized in its supplemental memorandum of costs. Although Berosini contends that neither
 
 Gibellini
 
 nor NRS 17.130 entitle a party to prejudgment interest as a matter of right, in
 
 Gibellini
 
 we indicated that prejudgment interest will be disallowed only in those situations where a party is unable to substantiate when a particular cost was incurred. Accordingly, the district court abused its discretion in denying PETA prejudgment interest on costs.
 

 The district court did not abuse its discretion in disallowing attorney’s fees incurred by PETA on appeal
 

 PETA argues that the district court abused its discretion in disallowing attorney’s fees that PETA incurred in appealing Berosini’s favorable trial judgment to this court. PETA contends that NRAP 38, which limits attorney’s fees on appeal to frivolous appeals, does not limit the applicability or scope of NRS 18.010. Accordingly, PETA asserts that it is entitled to an award of attorney’s fees for its appeal of Berosini’s trial judgment pursuant to NRS 18.010. We disagree.
 

 In general, “attorney’s fees are not recoverable absent a statute, rule or contractual provision to the contrary.” Rowland v. Lepire, 99 Nev. 308, 315, 662 P.2d 1332, 1336 (1983) (citations omitted). The decision to award attorney’s fees is within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a manifest abuse of that discretion. Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994).
 

 In the instant case, we note that the text of NRS 18.010 is silent with respect to attorney’s fees on appeal. Pursuant to NRAP 38, attorney’s fees and costs on appeal are permitted only in those contexts where “an appeal has frivolously been taken or been processed in a frivolous manner.”
 
 [5]
 
 Accordingly, because NRS 18.010 does not explicitly authorize attorney’s fees on appeal, and because NRAP 38(b) limits attorney’s fees on appeal to those
 
 *1357
 
 instances where an appeal has been taken in a frivolous manner, we conclude that PETA is not entitled to attorney’s fees incurred through its appeal of Berosini’s favorable trial judgment. Accordingly, the district court did not abuse its discretion in denying PETA such fees.
 

 
 *1356
 
 In any civil matter, when an appeal has frivolously been taken or been processed in a frivolous manner; when circumstances indicate that an appeal has been taken or processed solely for purposes of delay, when an appeal has been occasioned through respondent’s imposition on the court below; or whenever the appellate processes of this court have otherwise been misused, this court may, on its own motion, require the offending party to pay, as costs on appeal, such attorney fees as it deems appropriate to discourage like conduct in the future.
 

 
 *1357
 

 CONCLUSION
 

 We conclude that the district court abused its discretion in awarding PETA $12,370.00 injury fees, $6089.64 in photocopying charges, $4974.69 in long distance telephone charges, and $3561.25 in investigative fees. Additionally, because PAWS failed to provide sufficient supporting documentation, we conclude that the district court abused its discretion in awarding $6589.91 in costs to PAWS.
 

 Further, we conclude that the district court abused its discretion in awarding PETA and PAWS attorney’s fees pursuant to NRS 18.010(2)(b), and in disallowing PETA prejudgment interest on costs. Lastly, we conclude that the district court did not abuse its discretion in disallowing attorney’s fees that PETA incurred on appeal, and that all remaining issues raised by PETA in its cross-appeal are without merit.
 

 Based on the foregoing, we reduce PETA’s total cost award of $228,625.48 by $26,995.58, for a revised cost award of $201,629.90. Additionally, we reverse PETA and PAWS’ attorney’s fees awarded pursuant to NRS 18.010(2)(b), and reverse PAWS’ cost award of $6589.91 in its entirety. Finally, we remand this case solely for a determination of prejudgment interest on PETA’s modified cost award.
 
 [6]
 

 [1]
 

 Berosini also asserts that the district court abused its discretion in awarding costs to PETA because PETA’s memorandum of costs was untimely filed. Pursuant to the district court’s order dated June 6, 1995, PETA had until June 23, 1995 to file its amended memorandum of costs. In compliance with the district court’s order, PETA filed its amended memorandum of costs on June 23, 1995. Accordingly, Berosini’s challenge to the timeliness of PETA’s amended memorandum of costs is without merit.
 

 [2]
 

 In part, NRS 18.005(16) provides that costs can be allowed for “[a]ny other reasonable and necessary expense incurred in connection with the action
 

 [3]
 

 In its cross-appeal, PETA asserts that the district court abused its discretion in not awarding the full amount of attorney’s fees it had requested pursuant to NRS 18.010(2)(b), and in not awarding attorney’s fees, again pursuant to NRS 18.010(2)(b), for multiple counsel. Because we conclude that the district court abused its discretion in awarding PETA and PAWS any amount of attorney’s fees pursuant to NRS 18.010(2)(b), we conclude that PETA’s arguments with respect to these two issues are without merit.
 

 [4]
 

 PETA also asserts that the district court abused its discretion in ruling that Bobby Berosini, Ltd. would not be held jointly and severally liable for PETA’s costs. Based on our review of the record on appeal, we note that the district court determined that PETA’s original memorandum of costs against Bobby Berosini, Ltd. was untimely filed in 1990. Moreover, PETA failed to challenge the district court’s ruling at that time. Accordingly, we conclude that the district court did not abuse its discretion in disallowing costs against Bobby Berosini, Ltd.
 

 [5]
 

 The full text of NRAP 38(b) provides:
 

 [6]
 

 The Honorable A. William Maupin, Justice, voluntarily recused himself from participation in the decision of this appeal.