An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MATTHEW L. BOGA,<br>Appellant,<br>vs.<br>TMC GROUP, INC., AN INDIANA<br>CORPORATION; AND MATTHEW J.<br>FULLER,<br>Respondents. | No. 62738 |
| MATTHEW L. BOGA,<br>Appellant,<br>vs.<br>TMC GROUP, INC., AN INDIANA<br>CORPORATION; AND MATTHEW J.<br>FULLER,<br>Respondents. | No. 63531 |

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

These are consolidated appeals from a district court summary judgment in a contract action and from a post-judgment order awarding attorney fees. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Appellant Matthew Boga and respondent Matthew Fuller together formerly operated Mobile Automated Teller Terminal Services, LLC (MATTS), which built and marketed mobile banking units. To that end, MATTS ordered mobile banking chassis from respondent TMC Group, Inc., which signed a nondisclosure agreement and an exclusive manufacturing agreement with MATTS. Boga and Fuller subsequently had a falling out, and MATTS ceased business operations. In prior litigation, Boga and Fuller were each individually assigned the rights to MATTS' trade secrets, if any, and were each permitted to enforce the nondisclosure agreement and exclusive manufacturing agreement with

TMC, and were each allowed to separately continue competing in the mobile banking business. Subsequently, Boga formed MBSystems, LLC and Fuller formed Disaster Recovery Vehicles, LLC. Alex Foris, the owner of TMC, had a minority interest in Disaster Recovery Vehicles. And Disaster Recovery Vehicles later ordered, and TMC subsequently built, mobile banking chassis for Disaster Recovery Vehicles to use to compete in the mobile banking business.

When Boga discovered that Fuller and Foris were competing in the mobile banking business through Disaster Recovery Vehicles and that Disaster Recovery Vehicles had ordered mobile banking chassis from TMC, Boga sued Fuller and TMC, claiming that TMC had violated the nondisclosure agreement and the exclusive manufacturing agreement and misappropriated trade secrets, and that Fuller had interfered with these agreements. The district court ultimately granted Fuller and TMC's motion for summary judgment, finding that Boga had failed to identify a breach of any contract in which Fuller did not have rights equal to Boga. The district court also found that Boga brought or maintained this action without reasonable ground under NRS 18.010(2)(b) and awarded Fuller and TMC attorney fees. These consolidated appeals followed.

## DISCUSSION

This court reviews a grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Construction of a contract is generally a question of law that is likewise reviewed de novo. *Anvui, LLC v. G.L. Dragon, LLC*, 123 Nev. 212, 215, 163 P.3d 405, 407 (2007).

Regarding the nondisclosure agreement, Boga argues that TMC breached that agreement by disclosing MATTS' trade secrets to

Disaster Recovery Vehicles, or by building a mobile banking unit chassis for Disaster Recovery Vehicles using MATTS' trade secrets. But these arguments ignore the fact that, to the extent that any trade secrets were disclosed, that disclosure was effectively made to Fuller, as the owner and operator of Disaster Recovery Vehicles. Per the resolution of the MATTS litigation, Fuller was assigned an equal right to any of MATTS' trade secrets, and thus, the assertion that TMC somehow violated the nondisclosure agreement by disclosing these alleged trade secrets to Disaster Recovery Vehicles lacks merit.

Further, to the extent that Boga interprets the nondisclosure agreement as requiring TMC to use any covered trade secrets for the "mutual benefit" of both Boga and Fuller, this argument is also without merit. While the interpretation of an ambiguous contract may present a question of fact if there is a question as to the parties' intent concerning the ambiguous provision, the alternative interpretation creating ambiguity must be reasonable. *Anvui*, 123 Nev. at 215-16, 163 P.3d at 407. In this case, although the nondisclosure agreement requires that TMC's use of any alleged trade secrets "mutually benefit" Boga and Fuller, the settlement and court order dissolving MATTS permitted Boga and Fuller to separately compete against each other in the mobile banking business. And requiring TMC's construction of a mobile banking chassis for Fuller to benefit both Boga and Fuller would fly in the face of the settlement and order determining that they may compete against one another. As a result, Boga's interpretation is not reasonable and the district court did not err in rejecting that interpretation. *See id.*

Turning to the exclusive manufacturing agreement, Boga argues that TMC may not form a business with Fuller, which is what he

maintains TMC did by having Foris obtain a minority interest in Disaster Recovery Vehicles. But this argument ignores the fact that it is Foris, who was not a party to the underlying case, and not TMC, who went into business with Fuller. Moreover, the exclusive manufacturing agreement only prohibits TMC from building mobile banking chassis for a client other than Boga or Fuller, and thus, it does not preclude TMC from producing such chassis for Fuller's company, Disaster Recovery Vehicles.

We have considered appellant's other arguments and conclude that they lack merit. Thus, under these circumstances, we agree with the district court that no genuine issues of material fact exist such that the district court did not err in granting summary judgment to respondents on Boga's complaint. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

As to the award of attorney fees, Boga argues that the district court abused its discretion when awarding fees because Boga's complaint was not groundless as brought or maintained. We review the district court's award of attorney fees under NRS 18.010(2)(b) for an abuse of discretion. *Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1353-54, 971 P.2d 383, 386-87 (1998). Having reviewed the record and the parties' arguments, we do not perceive any abuse of discretion in the grant of fees. *See id.*

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Lidia Stiglich, District Judge
Margo Piscevich, Settlement Judge
Robison Belaustegui Sharp & Low
Laxalt & Nomura, Ltd./Reno
Washoe District Court Clerk