An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAW OFFICES OF MONT E. TANNER, A NEVADA PROFESSIONAL CORPORATION; AND MONT E. TANNER, ESQ., AN INDIVIDUAL,
Appellants,
vs.
PLUSFOUR, INC., A NEVADA CORPORATION; AND RICHARD B. BENNETT,
Respondents.

LAW OFFICES OF MONT E. TANNER, LTD., A NEVADA PROFESSIONAL CORPORATION; AND MONT E. TANNER, ESQ., AN INDIVIDUAL,
Appellants,
vs.
PLUSFOUR, INC., A NEVADA CORPORATION; AND RICHARD B. BENNETT,
Respondents.

No. 64595

FILED

JUN 12 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

No. 65663

## ORDER AFFIRMING IN PART AND REVERSING IN PART

These are consolidated appeals from a district court summary judgment in a contract and conversion action and from a post-judgment order granting attorney fees. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellants Mont E. Tanner and the Law Offices of Mont E. Tanner represented respondent Plusfour, Inc., a debt collection company, in various debt-collection actions. A dispute regarding Tanner's representation and attorney fees arose, and the resulting 2008 litigation was settled when Plusfour accepted Tanner's offer of judgment. Afterward, Tanner continued to assert attorney liens in Plusfour's debt-

15-17914

collection actions wherein recovered funds had yet to be collected. Plusfour initiated the instant litigation against Tanner, arguing that his actions violated the parties' settlement of the prior litigation. The district court agreed, entered summary judgment against Tanner, and awarded attorney fees to Plusfour under NRS 18.010(2)(b).

Tanner argues on appeal that summary judgment was inappropriate because factual issues remain as to the parties' intent in settling the prior action and that his attorney lien rights were not compromised by the settlement. Tanner also argues that the district court improperly awarded attorney fees under NRS 18.010(2)(b) because his defense was not frivolous and he obtained dismissal of two-thirds of Plusfour's original complaint. We review summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and we review an attorney fee award for an abuse of discretion, *Bobby Berosini, Ltd. v. P.E.T.A.*, 114 Nev. 1348, 1353-54, 971 P.2d 383, 386 (1998).

There is no factual dispute that requires reversal as to the scope of the settlement resulting from Tanner's offer of judgment. As a matter of law, an offer of judgment is an offer to settle all of the claims in a pleading. *Clark v. Lubritz*, 113 Nev. 1089, 1100, 944 P.2d 861, 868 (1997) ("An offer of judgment is an offer to settle the entire case, including claims both known and unknown and both certain and uncertain." (internal quotation marks omitted)). Thus, to determine the scope of a settlement pursuant to an offer of judgment, a court need only examine the applicable pleading, here the complaint. Tanner's 2008 complaint included a breach of contract action for attorney fees related to "all civil actions initiated in the Clark County courts in furtherance of [Plusfour's]

collection activities since prior to October, 2004." We agree with Plusfour and the district court that Tanner's reference to "all civil actions" and his seeking damages and prospective injunctive relief broadly encompasses both cases in which attorney fees had already been collected and cases in which the collection of attorney fees remained pending. *See id.* (noting that an offer of judgment includes claims "both certain and uncertain"). Accordingly, Tanner's attorney fee dispute with Plusfour has been settled, even as to those cases that remained pending at the time of the offer of judgment.

Tanner nevertheless argues that the settlement did not compromise his attorney lien rights under NRS 18.015. As we have explained, "[a] charging lien is a unique method of protecting attorneys[, which] . . . allows an attorney . . . to obtain and enforce a lien for fees due for services rendered in [a] case." *Leventhal v. Black & LoBello*, 129 Nev., Adv. Op. 50, 305 P.3d 907, 909 (2013) (internal quotation marks omitted). Thus, an attorney may only seek to assert a charging lien when he is owed attorney fees; he may not assert a charging lien when his client does not owe him any attorney fees. In this case, Tanner's offer of judgment effected a settlement of the attorney fees that Plusfour owed to him, including fees for those cases in which attorney fees may have not yet been collected. Therefore, Tanner is not owed any attorney fees and may not assert charging liens in Plusfour's litigation.[1] Accordingly, we affirm the district court's grant of summary judgment in favor of Plusfour.

---

[1]To the extent that Tanner argues that Plusfour is violating the Fair Debt Collection Practices Act by collecting attorney fees and not remitting them to him, he has settled his attorney fee claims with Plusfour and is not an aggrieved party under the Fair Debt Collection Practices Act who is

*continued on next page...*

As to the district court's award of attorney fees under NRS 18.010(2)(b), that statute requires that a claim or defense be "brought or maintained without reasonable ground or to harass the prevailing party." Here, however, Tanner initially obtained the dismissal of several of Plusfour's causes of action. Further, Tanner's defense was not maintained without reasonable ground because portions of his 2008 complaint could be interpreted to support his arguments. Accordingly, we conclude that the district court abused its discretion in awarding attorney fees under NRS 18.010(2)(b),[2] and we reverse the attorney fees award.[3]

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Gloria Sturman, District Judge
John Walter Boyer, Settlement Judge
Mont E. Tanner
Gerrard Cox & Larsen
Eighth District Court Clerk

---

...continued

entitled to challenge this debt collection practice. See 15 U.S.C. § 1692f. Accordingly, Tanner lacks standing to raise this argument and we decline to consider it.

[2]For the same reasons, awarding attorney fees under NRS 7.085 would also be an abuse of discretion.

[3]Tanner does not argue in his opening brief that the award of costs should be overturned, and we decline to disturb that award.