# IN THE SUPREME COURT OF THE STATE OF NEVADA

SANDS EXPO & CONVENTION CENTER, INC.; AND MILLENIUM STAFFING & MANAGEMENT SERVICES, INC.,
Appellants,
vs.
KRYSTINA BONVOULOIR,
Respondent.

No. 67091

FILED

OCT 06 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from post-judgment district court orders denying attorney fees and denying costs in part.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

After respondent Krystina Bonvouloir rejected an offer of judgment from appellants Sands Expo & Convention Center, Inc., and Millenium Staffing & Management Services, Inc., the district court entered summary judgment in appellants' favor in the underlying negligence action. Appellants' subsequent motion for attorney fees and costs under NRCP 68 and NRS 17.115 was denied, with the court explaining that the discretionary fees were not appropriate based on application of the factors set forth in *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), to the facts of this case. Appellants were

---

[1]As an amended notice of appeal was filed after the district court entered a written order denying attorney fees, jurisdiction is proper over the attorney fees order and all pre-amended-notice-of-appeal documents included in the appendix, including the reconsideration papers.

Further, Bonvouloir's answering brief was timely filed on December 14, 2015, at 8:37 p.m., and date-stamped the next morning. NEFCR 8(d).

16-31108

given an opportunity to supplement their request for costs with the documentation required under *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1352, 971 P.2d 383, 386 (1998). Upon supplementation, appellants' requested costs were granted in part and denied in part. Appellants have appealed the district court orders denying attorney fees and denying costs in part.

We review orders denying attorney fees and costs for abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev., Adv. Op. 9, 319 P.3d 606, 615 (2014). The district court may award post-offer attorney fees to an offeror when the offeree rejects an offer and then fails to obtain a more favorable judgment. *Id.*; NRCP 68; NRS 17.115. In determining whether to award attorney fees in the offer of judgment context, a district court must consider and weigh the following factors:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Beattie v. Thomas*, 99 Nev. 579, 588–89, 668 P.2d 268, 274 (1983). The district court is not required to make express findings on the *Beattie* factors when the record discloses that they were properly considered, *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428 (2001), and here, the court explained on the record that the factors were considered in light of the facts of the case. Moreover, there is no assertion that Bonvouloir's claim was brought in bad faith, and her decision to reject the $12,000 all-inclusive offer in the face of extensive anticipated damages and on-going discovery does not appear grossly unreasonable. Thus, the district court

properly considered this issue, and as appellants have not demonstrated that the district court abused its discretion in denying appellants' motion for attorney fees, we affirm.

Because Bonvouloir rejected appellants' offer of judgment and thereafter failed to obtain a more favorable judgment, she is liable for appellants' costs incurred after the offer. *Gunderson*, 130 Nev., Adv. Op. 9, 319 P.3d at 615; NRCP 68; NRS 17.115.[2] Here, appellants argue that the costs not addressed in Bonvouloir's opposition—$73.37 in postage, $440 in filing fees, and $78.43 in legal research—should have been granted as unopposed, especially after they supported some of those costs in their motion for reconsideration. Appellants' itemized list, submitted with their original memorandum of costs, however, contained no explanation for any of the requested costs. As a result, the district court appropriately directed appellants to supplement their motion with information and documentation supporting their requested costs. *See Cadle Co. v. Woods & Erickson, LLP*, 131 Nev., Adv. Op. 15, 345 P.3d 1049, 1054 (2015) (explaining that an itemized memorandum of costs is insufficient to demonstrate that requested costs are reasonable, necessary, and incurred). In doing so, the court specifically referenced the requirements set forth in *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1352, 971 P.2d 383, 386 (1998), and did not grant any costs as unopposed. When appellants filed their supplement, however, they failed to provide any support for the requested postage, filing fees, and legal research costs. Thus, the court did not abuse

---

[2]Although NRS 17.115 was repealed effective October 1, 2015, this case is governed by pre-2015 law.

its discretion in denying those costs. *Id.* Further, although appellants provided invoices for the filing fees and legal research along with a motion for reconsideration, the district court did not abuse its discretion in refusing to reconsider the matter. Therefore, we affirm the district court's order denying those costs. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

cc:    Hon. Michelle Leavitt, District Judge
       Wolfenzon Rolle Edwards
       Nettles Law Firm
       Marquis Aurbach Coffing
       Eighth District Court Clerk