# IN THE SUPREME COURT OF THE STATE OF NEVADA

CONNEE RUSHFIELD; AND COUNTY OF CLARK,
Appellants,
vs.
ESTATE OF ARTHUR MARVIN, BY AND THROUGH ITS SPECIAL ADMINISTRATORS MARY KOVALCIN AND JESSICA RODRIGUEZ,
Respondent.

No. 67922

**FILED**

DEC 0 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment and post-judgment award of attorney fees and costs in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Connee Rushfield was driving a Clark County vehicle within the scope of her employment when she collided with respondent Arthur Marvin, who was on his bicycle in an unmarked crosswalk. Marvin sustained injuries and filed a complaint against Rushfield for negligence, Clark County for vicarious liability, and Sunrise Hospital and Medical Center and PH, LLC, for failure to properly maintain landscaping near the site of the accident. The claims against Sunrise Hospital and PH, LLC, were later dismissed, and the matter proceeded to jury trial.

The jury found Marvin 20 percent negligent, and that Rushfield's and Clark County's combined negligence totaled 80 percent. The district court's judgment on jury verdict awarded past and future damages, later reduced to $100,000 pursuant to the statutory cap

16-37330

contained in NRS 41.035, in addition to attorney fees and costs. Rushfield and Clark County filed the instant appeal.[1]

*The district court did not err in failing to conclude that Marvin was a bicyclist as a matter of law or instruct the jury of the same*

Appellants argue the district court erred in failing to conclude that Marvin was a bicyclist as a matter of law and instruct the jury accordingly. Appellants maintain that Marvin was a bicyclist because he did not dismount his bicycle to cross the street, and that bicyclists are not permitted to ride on the sidewalk. Nonetheless, we hold that a question of fact remained as to whether Marvin was dragging his feet while crossing the street on the bicycle. *See* NRS 484A.165 (defining pedestrian as "a person afoot"); *Del Piero v. Phillips*, 105 Nev. 48, 50, 769 P.2d 53, 54 (1989) (concluding that the plaintiff was a pedestrian as a matter of law where, at the time of the collision, the plaintiff walked straddling his bicycle across the street). Additionally, Nevada law does not conclusively require that bicyclists travel in the roadway. *See* NRS 484B.763 (outlining the rights and duties of bicyclists riding "upon a roadway"); Las Vegas, Nev., Municipal Code § 11.40.180 (2009) (providing that bicyclists are prohibited from sidewalks only when a posted sign clearly indicates as much). Accordingly, the district court appropriately concluded it could not make a determination as a matter of law, declined to instruct the jury accordingly, and left the question of fact for the jury.

---

[1]At oral argument, the attorney for Clark County advised this court that Clark County had paid Marvin the $100,000 judgment together with accrued post-judgment interest.

*The district court did not abuse its discretion in awarding fees and costs*

Appellants also argue the district court abused its discretion in awarding fees under *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), and in conducting the lodestar analysis. We disagree. *See Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006) (reviewing for an abuse of discretion a district court's decision regarding fees).

The district court weighed all the factors under *Beattie* and *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969), and no one factor was outcome determinative. *See Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 252 n.16, 955 P.2d 661, 673 n.16 (1998); *see also Frazier v. Drake*, 131 Nev., Adv. Op. 64, 357 P.3d 365, 372-73 (Ct. App. 2015). Additionally, Marvin's contingency fee arrangement is irrelevant—the district court still followed the lodestar method to calculate attorney fees, and found that the billable rates were within community standards. *See Shuette v. Beazer Homes Holding Corp.*, 121 Nev. 837, 864-65, 124 P.3d 530, 549 (2005) (indicating that the district court is not limited to one specific approach in determining the appropriate amount of fees to award). Therefore, the district court did not abuse its discretion in calculating and awarding fees.

Appellants further argue the district court abused its discretion in awarding costs and failing to apportion costs to account for litigation against Sunrise. We disagree and conclude that the district court did not abuse its discretion because the costs awarded were reasonable and sufficiently substantiated. *See Bobby Berosini, Ltd. v.*

 

*PETA*, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998) (reviewing an award of costs for an abuse of discretion).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:     Hon. Jerry A. Wiese, District Judge
        Persi J. Mishel, Settlement Judge
        Clark County District Attorney/Civil Division
        Ganz & Hauf/Las Vegas
        Eighth District Court Clerk

---

[2]We have considered the parties' remaining arguments and conclude they are without merit.