# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIREFLY PARTNERS, LLC, D/B/A
FIREFLY TAPAS KITCHEN & BAR,
Appellant,
vs.
DANIELLE REIMANN,
Respondent.

No. 69116

FILED

OCT 30 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND VACATING IN PART

This is an appeal from a district court final judgment in a tort action and post-judgment orders granting attorney fees and costs. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Respondent Danielle Reimann went to dinner at appellant Firefly Partners' restaurant and slipped on an oily substance on the floor. Reimann sued Firefly for personal injuries sustained in the fall. The jury returned a total award of $937,891 in Reimann's favor, which consisted of $41,000 in past medical expenses, $154,750 for future medical expenses, $51,581 in past pain and suffering damages, and $690,560 for future pain and suffering damages. The district court thereafter awarded Reimann $72,328.28 in costs and $177,120 in attorney fees. This appeal followed.

On appeal, Firefly raises five arguments as to why this court should reverse the judgment or order a new trial, arguing that the district court abused its discretion in (1) excluding a defense corporate witness on the grounds that the witness was not adequately disclosed; (2) allowing Reimann to read Firefly's interrogatory answers to the jury without allowing Firefly to present a witness to explain the discovery answers; (3) excluding evidence of Reimann's wage-loss claim, which was abandoned before trial; (4) allowing one of Reimann's treating experts to testify as to an opinion that was not disclosed before trial; and (5) allowing Reimann to

claim future medical expenses that were not disclosed before trial. Firefly also challenges the district court's award of costs and attorney fees.

*Evidentiary rulings*

Having reviewed the parties' briefs and appendices, we conclude that the district court did not abuse its discretion regarding the inclusion and exclusion of evidence and testimony. *See Prabhu v. Levine*, 112 Nev. 1538, 1548, 930 P.2d 103, 110 (1996) ("The district court enjoys broad discretion in determining whether evidence should be admitted.").

Firefly was required to identify any and all witnesses in its NRCP 16.1 disclosures and in its pretrial disclosure. NRCP 16.1(a)(1)(A), (a)(3)(A). If a party fails to reasonably comply with NRCP 16.1(a), "the court . . . shall impose . . . appropriate sanctions in regard to the failure(s) as are just, including . . . [a]n order prohibiting the use of any witness . . . which should have been disclosed." NRCP 16.1(e)(3). And under NRCP 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 16.1 . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Firefly never identified Dan Simmons as a witness before trial and provided no argument that its failure to do so was substantially justified. We therefore conclude that the district court did not abuse its discretion in excluding Simmons as a witness. *GNLV Corp. v. Serv. Control Corp.*, 111 Nev. 866, 869, 900 P.2d 323, 325 (1995) (holding that this court will set aside a sanction order only upon an abuse of discretion).

The use to which the interrogatory answers were put is more problematic. The original answers reflected Firefly's initial belief it had no record of the incident. Firefly supplemented and corrected these answers when further investigation uncovered additional information. That Firefly

was mistaken in its initial interrogatory answers was presented to the jury in a way that appeared calculated to appeal to passion and prejudice. *See* NRS 48.035(1) ("Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). But Firefly failed make a relevance objection to the use of the interrogatory answers. *See* NRS 47.040(1)(a) (requiring a party to state the "specific ground of objection" to predicate a claim of error on an order admitting evidence). It objected instead that the interrogatory answers could not be used as evidence without accompanying witness testimony. The district court did not abuse its discretion in overruling Firefly's stated objection. *See* NRCP 33(c) (stating that interrogatory answers "may be used to the extent permitted by the rules of evidence"); 23 Am. Jur. 2d *Depositions and Discovery* § 131 (2012) (providing that interrogatory answers are admissible against the answering party). Nor do we find plain error affecting substantial rights occurred in connection with the evidentiary use of the later-corrected interrogatory answers. *See* NRS 47.040(2) (providing a plain error exception to subsection one's requirement of stating the specific ground of the objection).

As to Firefly's argument that the district court should have allowed it to present evidence related to Reimann's abandoned wage-loss claim, we conclude that the district court did not abuse its discretion in excluding the evidence. The wage-loss evidence was not relevant because it did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." NRS 48.015. And the introduction of such evidence would have had very little probative value, been substantially more unfairly prejudicial than probative, and could have confused the jury as to the questions actually at issue. NRS 48.035(1), (2).

 

The district court further did not abuse its discretion in allowing Reimann's treating physician, Dr. Enrico Fazzini, to testify regarding his prognosis for Reimann. Dr. Fazzini did not provide an expert report detailing that prognosis, but Dr. Fazzini was properly disclosed as a non-retained treating expert and Reimann's disclosure stated that Dr. Fazzini would provide opinions regarding her on-going care and future restrictions of activity and work ability. Although the report exemption for a treating physician extends only to opinions that were formed during the course of treatment, Dr. Fazzini limited his testimony regarding Reimann's potential for worsening cognitive deficits and dementia to his prognosis for her based on his treatment of her. *See FCH1, LLC v. Rodriguez*, 130 Nev., Adv. Op. 46, 335 P.3d 183, 189 (2014).

Lastly, we conclude that the district court also did not abuse its discretion in allowing Reimann to claim future medical damages that were not detailed in her NRCP 16.1 disclosure. Under NRCP 16.1(a)(1)(C), a party must, without awaiting a discovery request, provide "[a] computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary matter . . . on which such computation is based, including materials bearing on the nature and extent of injuries suffered." "If an attorney fails to reasonably comply with any provision of [NRCP 16.1] . . . the court, upon motion or upon its own initiative, shall impose upon a party or a party's attorney, or both, appropriate sanctions in regard to the failure(s) as are just." NRCP 16.1(e)(3). NRCP 37(c)(1) further provides that "[a] party that without substantial justification fails to disclose information required by Rule 16.1 . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Reimann did fail to provide a detailed computation of damages in the text of her NRCP 16.1 disclosures, stating that future medical expenses were "[t]o be determined." However, Firefly was on notice from the outset of the case that Reimann sought future medical expenses, and Firefly was provided with medical records from Reimann's expert, Dr. William Muir, that disclosed the possible treatment options for Reimann. In his deposition, Dr. Muir testified that Reimann was a candidate for certain surgical procedures and explained the costs of those procedures. Given that Firefly had notice of the future damages claimed by Reimann and their amount before the close of discovery, it does not appear that the district court abused its discretion in allowing testimony as to those damages and finding that the failure to compute the damages in the NRCP 16.1 disclosure was harmless. *See* NRCP 37(c)(1).

*Costs award*

"The determination of allowable costs is within the sound discretion of the trial court. However, statutes permitting the recovery of costs are to be strictly construed." *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998). Firefly does not dispute that Reimann was the prevailing party or that the value sought exceeded $2,500, and thus the district court's award of costs was proper under NRS 18.020(3). But, Firefly failed to provide specific objections to the reasonableness of the costs sought by Reimann. Firefly has therefore failed to preserve this issue for appeal. *Pantano v. State*, 122 Nev. 782, 795 n.28, 138 P.3d 477, 485 n.28 (2006); *see Thomas v. Hardwick*, 126 Nev. 142, 156, 231 P.3d 1111, 1120 (2010). Thus, we affirm the district court's order awarding Reimann's costs.

*Attorney fees award*

The district court awarded Reimann $177,120.00 in attorney fees based on NRS 18.010(2)(b), which provides for the recovery of attorney fees where the "defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." This court reviews a district court's decision regarding attorney fees for an abuse of discretion. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006). Because attorney fees were awarded pursuant to NRS 18.010(2)(b), there must be evidence in the record to support the district court's finding that Firefly's defense was "brought or maintained without reasonable ground or to harass" Reimann. *See Woods v. Label Inv. Corp.*, 107 Nev. 419, 427, 812 P.2d 1293, 1299 (1991).

The district court's order makes only one finding related to Firefly's defense, stating that it was unreasonably maintained because it was based on Firefly's refusal to admit facts that were not legitimately in dispute. This finding, like all the others contained in the order, relates not to Firefly's defense to Reimann's claim, but to its conduct during discovery and litigation. Because the district court's order contains no findings supported by the record that Firefly brought or maintained its defense without reasonable grounds or to harass Reimann, we conclude that the district court's attorney fees award under NRS 18.010(2)(b) is not supported by the record and was therefore an abuse of discretion. *Woods*, 107 Nev. at 427, 812 P.2d 1299. Further, the record shows that Firefly presented multiple witnesses in support of its defense that Reimann's injuries were not as extensive as she claimed, and the jury awarded Reimann less than the full amount of damages that she requested. We therefore conclude that the record shows that Firefly's defense was neither unreasonable nor meant

to harass Reimann, and we vacate the district court's order awarding attorney fees.

For the reasons set forth above, we

ORDER the final judgment and order granting costs AFFIRMED and the order granting attorney fees VACATED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Ronald J. Israel, District Judge
Ara H. Shirinian, Settlement Judge
Lemons, Grundy & Eisenberg
Law Offices of Karl H. Smith/Las Vegas
Injury Lawyers of Nevada
Eighth District Court Clerk