# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALBERT D. MASSI, AN INDIVIDUAL, Appellant, vs. DONALD NOBIS; AND MARY NOBIS, AS INDIVIDUALS, Respondents. | No. 74356 **FILED** FEB 22 2019 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |
| ALBERT D. MASSI, AN INDIVIDUAL, Appellant, vs. DONALD NOBIS; AND MARY NOBIS, AS INDIVIDUALS, Respondents. | No. 74875 |
| ALBERT D. MASSI, AN INDIVIDUAL, Appellant, vs. DONALD NOBIS; AND MARY NOBIS, INDIVIDUALS, Respondents. | No. 75010 |
| ALBERT D. MASSI, AN INDIVIDUAL, Appellant, vs. DONALD NOBIS; AND MARY NOBIS, AS INDIVIDUALS, Respondents. | No. 75358 |

## ORDER OF AFFIRMANCE[1]

These are consolidated appeals from a district court summary judgment and post-judgment orders concerning attorney fees and costs in a tort and contract action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

---

[1]The Honorable Elissa F. Cadish and the Honorable Abbi Silver did not participate in the decision of this matter.

Albert Massi settled a disputed claim with Donald and Mary Nobis and their business entities (collectively, Nobis) during a mediation for partial interest in three parcels of real property. During that mediation, there was some uncertainty over what Nobis had paid for his interest in one of the properties.

After the parties settled, Massi learned Nobis paid half of what Massi thought he paid for his interest. Massi filed a motion to enforce the settlement agreement to attempt to collect the difference in value. That motion was denied. Massi then filed a new action for contract and tort claims related to the settlement agreement. The district court rejected those claims and granted summary judgment in favor of Nobis. Massi appealed that summary judgment to this court, which concluded that what Nobis paid for the property was not a material term of the settlement agreement, but could be a material fact underlying the settlement agreement. *Massi v. Nobis*, Docket Nos. 68483 & 68719 (Order Affirming in Part, Reversing in Part and Remanding (Docket No. 68483), and Vacating (Docket No. 68719), Apr. 15, 2016). In that case, there were still disputed facts that may have supported Massi's fraud claims. On remand, Massi amended the complaint to include fraudulent/intentional misrepresentation, negligent misrepresentation, and fraudulent concealment.

Following the close of discovery, the district court again rejected Massi's claims and granted summary judgment in favor of Nobis. It found that Massi had failed to present evidence that the amount Nobis paid for his property interest was a material fact, or that Nobis had made any sort of misrepresentation regarding that amount. The district court additionally granted an attorney fee award to Nobis, finding that Massi had brought and

maintained the action vexatiously in bad faith and without reasonable grounds because Massi failed to put forward any additional evidence supporting his claims. Massi now appeals the summary judgment and the award of attorney fees.

Massi contends that the district court did not view the evidence in the light most favorable to him. He argues multiple findings of fact used by the district court are in dispute, and thus the district court should not have granted summary judgment. We disagree.

"This court reviews a district court's grant of summary judgment de novo . . . ." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if "the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (internal quotations omitted). When deciding a summary judgment motion, all evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* However, "the non-moving party may not rest upon general allegations and conclusions, but must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine factual issue." *Id.* at 731, 121 P.3d at 1030-31 (quoting *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 713, 57 P.3d 82, 87 (2002)). "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.* at 731, 121 P.3d at 1031.

We conclude that the facts the district court relied on, to which Massi refers, are not material facts in dispute precluding summary judgment. Massi is not actually disputing many of the facts he points to, but rather offering an explanation as to why those facts exist. For the facts

that Massi does directly dispute, he has failed to present evidence that, taken as true, shows he relied on more than merely an assertion of uncertainty regarding Nobis' cost basis in the Buffalo/215 property. The evidence Massi uses to support his argument is scant, at best, and Nobis was entitled to judgment as a matter of law on all of Massi's causes of actions.[2] Accordingly, we conclude that it was appropriate for the district court to issue summary judgment in favor of Nobis.

Massi next argues that the district court abused its discretion in declaring him a vexatious litigant and in turn awarding attorney fees and costs. He argues that the district court used a negligence standard, rather than an intentional conduct standard. Additionally, Massi contends that the law-of-the-case doctrine justified his filing of multiple lawsuits. He argues that this court implied his case had merit when (a) it vacated the award of fees and costs in the original dispute, and (b) found that genuine issues of material fact existed regarding his remaining causes of action. Nobis counters that NRS 18.010(2) tells courts to construe its provisions liberally, and that an award of attorney fees was justified. We disagree with Massi.

This court "generally review[s] the district court's decision regarding attorney fees for an abuse of discretion." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006). NRS 18.010(2)(b) provides in part that the court may award attorney fees to a party "when the court finds that the claim . . . of the opposing party was brought or maintained without reasonable ground or to harass the

---

[2]For the sake of brevity, we do not recite the elements to each of Massi's causes of action as he does not dispute those used by the district court for its analysis.

prevailing party." A frivolous or groundless claim is one "not supported by any credible evidence" at the time the claim was brought. *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998) (internal quotations omitted).

We conclude that the district court did not abuse its discretion in awarding attorney fees. The district court found that Massi had no credible evidence when he brought his claims since he was unable to produce anything during the course of litigation. NRS 18.010(2)(b) gives the district court broad discretion to award attorney fees when it finds that a party brought or maintained a claim without reasonable ground. This district court made such a finding here. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

---

[3]Massi did not present any arguments or authority regarding his appeal of costs. Accordingly, we decline to address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n. 38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims that are not cogently argued or supported by relevant authority).

cc: Hon. James Crockett, District Judge
Israel Kunin, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Cap & Kudler
Hutchison & Steffen, PLLC/Las Vegas
Eighth Judicial District Court Clerk