# IN THE SUPREME COURT OF THE STATE OF NEVADA

EFFICIENT ENTERPRISES, INC.,
Appellant,
vs.
FIRE INSURANCE EXCHANGE,
Respondent.

No. 75643

FILED

JUN 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for attorney fees and costs following remand. Eighth Judicial District Court, Clark County; James Crockett, Judge.

This appeal centers on attorney fees sought after litigation surrounding a subrogation action for negligence and breach of express and implied warranties pursued by respondent Fire Insurance Exchange (FIE) against appellant Efficient Enterprises, Inc. (Efficient), who performed electrical subcontracting work in a home insured by FIE. Efficient counterclaimed for abuse of process, asserting that FIE instituted the lawsuit to boost its subrogation recovery figures and without proper investigation, during which FIE would have discovered that modification of the electrical wiring caused a fire in the home, rather than Efficient's electrical wiring. Before trial, the district court granted summary judgment to Efficient on FIE's warranty claims, but denied summary judgment as to the negligence claim. Ultimately, at trial the jury found that there was not sufficient evidence to hold Efficient liable for negligence. During the abuse of process phase of trial, the jury found that FIE had engaged in abuse of process. Subsequently, Efficient moved for attorney fees and costs under NRS 18.010(2)(b), and the district court granted that motion.

19-27432

FIE then appealed, challenging the district court's refusal to grant judgment as a matter of law on the abuse of process claim and the sufficiency of the evidence on which the jury's verdict was based. *See Fire Ins. Exch. v. Efficient Enters., Inc.*, Docket No. 60555 (Order Reversing in Part, Vacating in Part and Remanding, June 27, 2017). We reversed in favor of FIE, finding that the district court should have granted FIE's motion for judgment as a matter of law since Efficient did not prove damages at trial. *Id.* We also reversed the attorney fees award, concluding that although affirmative recovery by Efficient is not required for an award of attorney fees, "in light of the fact that FIE should have been granted judgment as a matter of law on the abuse of process counterclaim, attorney fees were not available under NRS 18.010[(2)(b)] with respect to that counterclaim because FIE did not maintain a baseless defense and Efficient is not a prevailing party." *Id.* We further noted that the district court "failed to explain its frivolity finding in any way," *id.*, and that the negligence claim "survived motions for summary judgment and judgment as a matter of law, suggesting that the claim was supportable . . . ." *Id.* Also, we noted that "FIE presented expert testimony supporting its negligence claim by concluding that the fire originated with the wiring in a closed-off, unmodified area of the house and that the wiring was defectively installed when the house was built." *Id.* We then vacated and remanded the matter for a new determination of whether, and in what amount, attorney fees were warranted under NRS 18.010(2)(b). *Id.*

On remand, Efficient filed a motion to reinstate judgment and award of attorney fees and costs as a matter of law. The district court denied that motion. Efficient now appeals. It argues that the district court did not perform this court's directions to "explain its frivolity finding" and

determine whether fees were warranted under NRS 18.010(2)(b). Efficient also argues that FIE's express and implied warranty claims, as well as its negligence claims, were frivolous, and cites the district court's comment that FIE's conduct was "bordering on extortion" to support its argument. We conclude that the district court did not abuse its discretion in refusing to award Efficient fees under NRS 18.010(2)(b) on remand.

This court "generally review[s] the district court's decision regarding attorney fees for an abuse of discretion." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006). NRS 18.010(2) provides that the court may award attorney fees to a party "when the court finds that the claim . . . of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." A frivolous, or groundless, claim is one "not supported by any credible evidence" at the time the claim was brought. *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998) (internal quotation marks omitted).

Here, the district court denied Efficient's request for attorney fees. We specifically stated in our prior order that the negligence claim surviving summary judgment suggested that the claim was supportable, and we also emphasized expert testimony given at trial that supported the negligence claim. *Fire Ins. Exch. v. Efficient Enters., Inc.*, Docket No. 60555 (Order Reversing in Part, Vacating in Part and Remanding, June 27, 2017). Further, we stated that "FIE did not maintain a baseless defense and Efficient [was] not a prevailing party" with regard to the abuse of process claim. *Id.* The district court reasoned that based on our conclusion, it did

not think it had a basis to award fees to Efficient under NRS 18.010(2)(b). This does not amount to an abuse of discretion. Thus, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:    Hon. James Crockett, District Judge
       Ara H. Shirinian, Settlement Judge
       Marquiz Law Office
       The Feldman Law Firm, P.C.
       Eighth District Court Clerk