IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM MOORE, INDIVIDUALLY;
BRIAN LAKE, INDIVIDUALLY; AND
PANEL-IT BUILDING SYSTEMS, LLC,
Appellants,
vs.
ROBERT WHITE, INDIVIDUALLY,
Respondent.

No. 83264



FILED

SEP 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in an action for dissolution of a Nevada Limited Liability Company. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.[1]

Respondent Robert White and appellant William Moore were 50-percent managers and members of appellant Panel-It Building Systems, LLC, which was formed to construct and install a Sensitive Compartmented Information Facility (SCIF). On September 30, 2019, White withdrew roughly $145,000 from Panel-It's account and resigned as Panel-It's co-manager.[2] On October 10, 2019, White filed the underlying action asserting claims for (1) judicial dissolution of Panel-It and appointment of a receiver, and (2) an accounting of Panel-It's assets. In response, Moore asserted

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The $145,000 represented 50 percent of the profits from the SCIF project that Panel-It had recently completed. Upon withdrawing the funds, White promptly placed them into his attorney's trust account.

22-28929

various counterclaims, including (1) breach of fiduciary duty, (2) breach of contract, (3) conversion, and (4) civil RICO.

The district court appointed a receiver to wind up Panel-It's affairs. Thereafter, the district court granted summary judgment on White's claim for judicial dissolution, reasoning there was no evidence to indicate that it was "reasonably practicable to carry on the business of [Panel-It] in conformity with the articles of organization or operating agreement."[3] *See* NRS 86.495(1) (providing this standard for when a decree of dissolution for a Nevada LLC is appropriate). Afterward, the receiver submitted a final report to the district court indicating that, in order for Panel-It to pay its creditors and close out the business, White would need to return roughly $16,000 of the money he received from Panel-It, and Moore would need to return roughly $57,000 that he received.

Thereafter, the district court held a bench trial on the parties' remaining claims. Following the trial, the district court entered an order that adopted the receiver's findings with respect to White's claim for an accounting and that ruled against Moore on his counterclaims. The district court also found that Moore brought those counterclaims to harass White. Based on that finding, the district court entered a subsequent order awarding White roughly $178,000 in attorney fees under NRS 18.010(2)(b)

---

[3]Moore does not identify anything in the record to suggest that he opposed summary judgment on the issue of dissolution. To the extent that he argues on appeal that dissolution was inappropriate, those arguments are waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that this court need not consider arguments raised for the first time on appeal).

and holding Moore liable for roughly $73,000 in costs relating to the receiver's services throughout the litigation.[4]

On appeal, Moore first contends that "the relief granted to White bears no relation to the claims or affirmative defenses presented by White." In this, Moore observes that the district court found him solely responsible for Panel-It's $37,800 warehouse lease and roughly $110,000 in "storage costs," which, according to Moore, "provided a backdoor to liability" for claims that White never pleaded.

We are not persuaded that the district court committed reversible error. First, the district court's decision to hold Moore responsible for the warehouse lease and "storage costs" was not a "backdoor to liability," but rather was part and parcel of its adjudication of White's claims for dissolution and an accounting. Second, substantial evidence supported the district court's findings that Moore should be responsible for those amounts. *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo); *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). With regard to the warehouse lease, the district court relied on the receiver's report, which indicated that Moore used the warehouse for his

---

[4]The district court ordered Moore and White to pay equal amounts for the receiver's services. The $73,000 represented the amount that White paid and for which he sought reimbursement from Moore.

personal affairs, as well as for conducting business for his other companies. The receiver also indicated that Moore delayed trying to terminate the lease even after Panel-It had completed the SCIF project and even though Panel-It had no more projects. Accordingly, substantial evidence supports the district court's decision to hold Moore responsible for the warehouse lease. With regard to the "storage costs," the district court again relied on the receiver's report, which indicated that the "storage costs" were actually amounts that Moore withdrew from Panel-It to pay for a project (the 1212 Phase II Project) that was being undertaken by one of Moore's other companies. Because neither Moore nor his company reimbursed Panel-It for those "storage costs," substantial evidence supports the district court's decision to hold Moore responsible for those costs.[5]

Moore next contends that the district court erred in ruling against him for his breach-of-fiduciary-duty, breach-of-contract, and conversion counterclaims. In particular, Moore contends that the district court's basis for ruling against him on those claims was a finding that he anticipatorily repudiated Panel-It's Operating Agreement even though White never raised anticipatory repudiation as an affirmative defense. *Cf. Whealon v. Sterling*, 121 Nev. 662, 665-66, 119 P.3d 1241, 1244 (2005) ("An affirmative defense not raised in the pleadings is ordinarily deemed waived, unless the opposing party is given reasonable notice and an opportunity to respond." (internal quotation marks omitted)). We are not persuaded that

---

[5]Moore also appears to argue that his decision to use Panel-It's funds for the 1212 Phase II Project was protected by the business judgment rule. To the extent this argument is cogent, we conclude that it does not warrant reversal.

this argument demonstrates reversible error on the district court's part because the district court *also* found that Moore did not suffer any damages in light of White's withdrawal, namely: "Mr. Moore's damages cannot be the $144,908 because that sum was accounted for as a draw and an adjustment to Mr. White's capital account. (Ex. 72). And, those funds were Panel-It funds, not Mr. Moore's." In other words, Moore obtained the relief he was seeking in his three above-mentioned claims by virtue of White's withdrawal being accounted for in Panel-It's dissolution.[6] Accordingly, we need not address whether the district court erroneously applied the doctrine of anticipatory repudiation.[7] *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record).

---

[6]Moore alleged additional damages with respect to his breach-of-contract counterclaim in the form of excess salary that White allegedly paid himself. However, those alleged damages are unrelated to the anticipatory repudiation issue, and Moore does not otherwise address those damages on appeal.

[7]To the extent that Moore has suggested that Panel-It would have remained a viable business absent White's withdrawal, Moore has not identified any evidence in the record to indicate that he raised that as an argument in district court, much less that he supported any such argument with evidence of damages he or Panel-It incurred as a result of White's withdrawal beyond the warehouse lease and "storage costs" discussed above. *See* NRAP 28(a)(10)(A) (requiring a brief to contain "citations to the authorities and parts of the record on which the appellant relies"); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is an appellant's responsibility to present cogent arguments supported by salient authority).

Moore next contends that the district court abused its discretion in awarding attorney fees under NRS 18.010(2)(b). *See Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998) (reviewing a district court's decision to award attorney fees under NRS 18.010(2)(b) for an abuse of discretion); *see also* NRCP 18.010(2)(b) (authorizing an award of attorney fees if the court finds that a claim is "brought or maintained without reasonable ground or to harass the prevailing party"). In particular, Moore contends that his counterclaims were brought with reasonable grounds because they survived summary judgment. However, the district court found that the counterclaims were brought to harass White because (1) Moore also sued White's sons without a factual or legal basis; (2) Moore dismissed various counterclaims on the eve of trial, including the civil RICO counterclaim, "which required an extensive amount of time, legal research, discovery, and preparation of witnesses for trial"; and (3) Moore provided no evidence that he suffered any damages. Moore does not meaningfully address these findings, other than to suggest that he did not "maintain" the counterclaims against White's sons or the civil RICO counterclaim because they did not go to trial. We are not persuaded by this argument, as it has no basis in NRS 18.010(2)(b)'s plain language ("*brought or* maintained . . . to harass" (emphasis added)) and ignores the district court's third finding. Accordingly, we affirm the district court's award of attorney fees.

Moore finally makes an array of arguments regarding the district court's award of costs relating to payments White made for the receiver's work. However, in district court, Moore did not file a motion to retax in response to White's memorandum of costs, so these arguments are

SUPREME COURT
OF
NEVADA

(O) 1947A

6

waived.[8] *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 493, 117 P.3d 219, 227 (2005) (recognizing that when a party fails to file a motion to retax, the party waives appellate review of any issue that should have been included in such a motion). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED.[9]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc: Hon. Nancy L. Allf, District Judge
Stephen E. Haberfeld, Settlement Judge
Argentum Law
Jerimy Kirschner & Associates, P.C.
Marquis Aurbach Coffing
Eighth District Court Clerk

---

[8]In his reply brief, Moore observes that he opposed White's requested costs in a July 29, 2021, filing that was primarily directed at opposing a separate motion that White had filed. However, in its August 5, 2021, order awarding costs, the district court specifically stated that "a timely motion to retax costs was not filed" in response to White's July 15, 2021, memorandum of costs, which was served on Moore that same day. *Cf.* NRS 18.110(4) (requiring a party who wishes to oppose a memorandum of costs to file a motion to retax "[w]ithin 3 days after service of a copy of the memorandum"). Consequently, we are not persuaded that the district court committed reversible error in disregarding any arguments Moore made in his July 29, 2021, filing.

[9]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.